LEE VS CAMPBELL'S HEIRS.

*As to special verdicts—how far amendable by the Court.*
*As to the entry of judgment th reon.*

1. This Court will not aid a defective special verdict, by reference to extrinsic facts, which appear upon the record.

2. A special verdict should disclose all *material* facts upon which it is founded, and which may be essential to authorise the entry of judgment thereon: and one not showing intelligibly, the *facts* upon which the right of a plaintiff, or of a defendant, to recover, is founded, can not be aided by intendment, and thus become the subject of a judgment.

In error to the Circuit Court of Montgomery.

In this case, an action of trespass to try titles was brought by the heirs of Archibald Campbell, deceased, against the plaintiff in error, for the recovery of three lots of land, lying, situate and being in the town of Montgomery, and known as lots numbered 18, 19 and 20.

The pleas were, *not guilty* and *liberum tenementum;* and upon them a special verdict was rendered, on the twenty-fourth day of November, eighteen hundred and thirty-four, in the following words, to wit—

"We find that the defendant has failed to prove, to the satisfaction of the jury—

1st. That the administrator gave bond in compliance with the requisition of the law.

2dly. That he failed to prove the requisite notice and publication,

3dly. That he failed to prove the requisite citation to the heirs.

4thly. That he failed to prove the appointment of guardians to the minors.

5thly. That he failed to prove the appointment of commissioners for the sale of the land.

6thly. That he failed to prove that commissioners conveyed the title to the property in question; but, on the contrary, that it was conveyed by the administrator.

"If, in the opinion of the Court, such failures totally invalidate, and make void such conveyance—then we find for the plaintiffs, for lots number 18, 19 and 20—otherwise, for lot number 18, only, and assess damages at one cent."

And thereupon, the same being seen and considered by the Court, it was determined that the law arising on the facts found by the jury, was with the plaintiffs—it was, therefore, further considered, that the plaintiffs recover of the defendant the said lots, number 18, 19 and 20, &c.

On the second day after the entry of this verdict, the plaintiffs' counsel moved the Court, that a minute of the evidence be made, and a transcript of all the evidence of title, produced by the plaintiffs, and the defendant, be taken; and that the said minute of the evidence of plaintiffs and defendant, and the transcript of the deeds and other evidences of title, form a part of the record; and that the same might be taken as a portion of its proceedings, in order that the application of the finding of the jury and the judgment of the Court, might be apparent of record, and be fully understood. Which motion

was opposed by the defendant's counsel, and they refused to join in making the minute aforesaid. But the Court granted the motion of the plaintiffs' counsel, and ordered the minute of the evidence; and the transcript of the deeds and other evidence of title to be taken as a part of the record and proceedings in the case. And, after this motion was allowed, the plaintiffs' counsel appeared, and testified to the truth of the minute of evidence filed.

To the allowance of which motion, the defendant excepted, and took his writ of error.

In addition to these facts, the record contained a voluminous entry of evidence, produced upon the trial of the cause, and a bill of exceptions as to sundry opinions of the Court—none of which the report of the case renders it necessary to disclose.

*Thorington*, for the plaintiff in error.
*Gordon*, contra.

COLLIER, J.—The defendants in error, brought an action of trespass in the Montgomery Circuit Court, to try titles, &c., to lots numbered eighteen, nineteen, and twenty, situate on the south side of Washington street, in the town of Montgomery.

The cause was tried on issues formed on the pleas *not guilty* and *liberum tenementum*, and the jury returned a special verdict in these words—"We find that the defendant has failed to prove to the satisfaction of the jury—

"First that the administrator gave bond in compliance with the requisition of the law.

" Second—That he failed to prove the requisite notice and publication.

" Third—That he failed to prove the requisite citation to the heirs.

" Fourth—That he failed to prove the appointment of guardians to the minors.

" Fifth—That he failed to prove the appointment of commissioners for the sale of the land.

" Sixth—That he failed to prove that commissioners conveyed the title to the property in question; but on the contrary, that it was conveyed by the administrator.

" If, in the opinion of the Court, such failures totally invalidate and make void such conveyance, then we find for the plaintiff, for lots number eighteen, nineteen, and twenty; otherwise, for lot number eighteen only, and assess damages at one cent."

The record discovers, that two days after this verdict was returned and the jury discharged, the judge, from his own recollection of the evidence, the accuracy of which was verified by the counsel for the defendants in error, on their motion, allowed the evidence in the cause to be entered on the proceedings of the Court, though objected to, by the counsel for the plaintiff in error.    On the verdict, the Court rendered a judgment for the plaintiffs below, to reverse which this cause comes here.

Several exceptions were taken on the trial to the instructions of the judge to the jury, but as they have not been noticed in the argument, we will only enquire, whether the verdict is a sufficient warrant for the judgment.

In referring the facts found by them to the Court.

4P                    26

for its judgment, the jury seem to have entirely overlooked the evidence introduced by the plaintiffs below; but their inquiries, so far as we are informed by their verdict, seems to have been directed, rather to ascertain what failures there were in the proof of the defence, than what facts were shewn favorable to the right of recovery. The failures of proof are so briefly stated, as not to enable us to determine how far they affected the material points in the defence. It has, however, been insisted, that for the purpose of learning what proof was offered by the plaintiff below, it is competent for this Court to look into the proof, which was made part of the record in the Circuit Court, and also to refer to the bill of exceptions, taken at the instance of the plaintiff in error. To sustain this position, we have been referred to 2 *Dun. Pr.* 664, and 1 *Salk.* 47. These authorities certainly countenance the idea, that if a special verdict is defective, it is amendable by the notes of counsel or the judge, and even by affidavit of what was proved on the trial. To determine a verdict to be amendable, supposes the Court to possess the power, to employ the manual process necessary to effect a literal amendment. To amend is, in effect, to reform, to do which, according to all correct reasoning, requires the same power as to make.

We do not feel ourselves authorised to aid the verdict by a reference to other facts, on the record.— Were we to do so, the verdict, instead of being the act of the jury, would be that of the Court. Such an assumption, we would consider a palpable, if not alarming invasion of the rights of the jury.

*1 Peters, 626*

In *M'Arthur* vs *Porter's lessee,*[*] the special ver-

dict referred to a deed of conveyance, which was described, but not set out substantially, or literally. A deed was found in the record, but not being part of the verdict, the Court determined that they could not say it was part of the finding of the jury, and that they would not refer to it in aid of the verdict. So in *Jenks, et al.* vs *Hallett, et al.*[*]—it was held, that the Court can not intend any thing on a special verdict, which is not found by the jury. The principle of these cases is, that the verdict must be complete in itself, and can not be aided from any extrinsic source.

[*1 Caine's 60.]

In *Seward* vs *Jackson*[†]—it was held to be of the essence of a special verdict, that the jury should find the facts, and not the evidence of facts. Such a conclusion seems necessarily to result from the consideration, that it is the peculiar province of the jury to pass upon the credibility of witnesses; to compare testimony, and to draw inferences from all they have seen or heard.

[†8 Cowen, 406.]

In *Barnes, et al.* vs. *Williams*[‡]—it was decided, that where the jury, in a special verdict, do not distinctly find the essential facts, although there is sufficient evidence to establish them, the Court would not render a judgment upon such an imperfect special verdict. To the same point are—*Hob.* 262—1. *Caine's Rep.* 60—1*Arch. Pr.* 191—3. *T. R.* 198—1. *Hen. & Munf.* 236.

[‡11Wheat. 415.]

It is competent for parties, by consent, in a Court of original jurisdiction, to withdraw the decision, upon evidence, from the jury, and substitute in their stead, the judge, by making a case agreed. And this is done on demurrer to evidence. But where the

jury determine upon the evidence, and return a special verdict, they must find the facts, that the judge may adjudge the law understandingly.

We are not to be understood as deciding, that the jury should disclose, in a special verdict, every fact, with the proof of which they are satisfied. If they return facts, intelligently set forth, which shew no right to recover, or which shew a good cause of action, without any available defence, it would certainly be the duty of the Court to render a judgment;

But the verdict in this case, disclosing no facts to shew the right of the plaintiffs below to recover, or the insufficiency of the defence, and nothing being allowed to be intended in favor of either, the judgment must be reversed, and the cause remanded, that a *venerie facias de novo* may be awarded.