## CLAY *vs.* THE STATE.

[INDICTMENT FOR OBTAINING MONEY BY FALSE PRETENSES.]

1. *Special verdict; what too defective to authorize any judgment to be rendered on it.*—On a trial for the offense of obtaining money by false pretenses, a verdict in the following words : "We, the jury, find the defendant guilty of obtaining money under false pretense, to the amount of $500," is a special, and not a general verdict, and too defective to authorize any judgment to be rendered on it.
2. *Same; what can not be aided by.*—A special verdict can not be aided by intendment, or by reference to any extrinsic facts appearing in the record.
3. *Same; duty of court in such case.*—In such a case, the court should arrest the judgment, on motion of the accused, and order a *venire facias de novo* to be awarded.

APPEAL from the City Court of Huntsville.
Tried before Hon. W. H. MOORE.

AT the spring term, 1869, of the Huntsville city court, the following indictment was found against Milton Clay, (f. m.) :

"State of Alabama,  ⎱   In city court of Huntsville, spring
Madison county.  ⎰   term, 1869.

The grand jury of said county charge, that before the finding of this indictment, Milton Clay (colored) did falsely pretend to Henry Betts, with the intent to defraud, that he had lost a sum of money, and by means of such false pretense, obtained from said Henry Betts the sum of five hundred dollars, the property of Bristo Holding, (colored); also, that Milton Clay (colored) feloniously took and carried away from the person of Henry Betts, one bank note, or United States treasury-note for five hundred dollars, the property of Bristo Holding, against the peace and dignity of the State of Alabama.

WM. WEEDEN, Solicitor for M. C."

The indictment was regularly endorsed, &c., by the fore-

man of the grand jury, and was filed in open court, on the 11th February, 1869.

The prisoner went to trial, on the issue joined, on plea of " not guilty," and the jury returned the following verdict: " We, the jury, find the defendant guilty of obtaining money under false pretense, to the amount of five hundred dollars."

The bill of exceptions shows that on the 23d of February, the prisoner being in open court, he was asked by the court, in view of pronouncing sentence upon him, if he had anything to say why sentence should not be passed upon him, when his counsel moved in arrest of judgment on the following grounds :

" 1. The verdict is not responsive to the issue joined.

2. Because said verdict is too uncertain, ambiguous, and defective to be made the basis of a judgment.

3. Because the said verdict does not find defendant guilty or innocent of the charge laid in the indictment.

4. Because said verdict does not find the facts necessary to constitute the defendant's guilt, of the charge laid in the indictment.

5. Because the verdict does not find the defendant's guilt or innocence of the charge laid in the first count of the indictment." The court overruled said motion, and sentenced the prisoner to three year's confinement in the penitentiary, " and the defendant excepted, both to the overruling of the motion, and the sentence of the court."

The bill of exceptions sets out the evidence on the trial, and a charge of the court, to which defendant excepted; but the view of the case taken by the court, renders it unnecessary to refer further to it.

WALKER & BRICKELL, for appellant.—1. The pretense charged in the indictment, and the pretense proved, are not identical, or the same in substance. The pretense charged, is that the defendant had lost money ; the pretense proved is a claim to money which had been found. In the pretense proved, the defendant did not assert that he had lost any money. He asserted a claim to money in the possession of another. The pretense alleged in the indictment, is consistent with, and can be satisfied only by evidence of

an assertion that he had lost money, not with an assertion that any one else had lost money. The pretense proved is, " Did you find any money—it is mine, please give it to me." The appellant does not say he had lost the money, or who had lost it, nor does he claim it as lost. He claims the money, not because he had lost it, but because it was his property. To assert a false claim to property, and to claim it because of its loss, are different. The pretense charged and the pretense proved, are variant, and the court below erred in the charge given.—*O'Conner v. The State*, 30 Ala. 9.

2. The verdict of the jury was a special, as distinguished from a general verdict. A general verdict would have been, " We, the jury, find the defendant guilty," or, if limited in the first count in the indictment, would have been, " We, the jury, find the defendant guilty as charged in the first count of the indictment." A general verdict is so called because the whole matter in issue is found generally; a special verdict is so called, because some matter of fact is thereby found specially.—10 Bac. Ab. 308-9. The verdict of the jury in this case, is, " We, the jury, find the defendant guilty of obtaining money under false pretense, to the amount of five hundred dollars." This was a special verdict, finding special facts, and did not authorize a judgment against the appellant. Not a fact necessary to the guilt of appellant is found by it. No intendment or implications can be indulged by the court, in aid, or to supply defects in a special verdict either in civil or criminal cases.—*Lee v. Campbell*, 4 Port. 198 ; *Moody v. Keener*, 7 Port. 218 ; *Sewall v. Glidden*, 1 Ala. 57 ; *Toulmin v. Lesesne*, 2 Ala. 363 ; *Sitz v. The State*, 23 Ala. 42 ; *Commonwealth v. Call*, 21 Pick. 513. When was the false pretense made, of which the jury find the defendant guilty ? what was the pretense ? to whom was it made ? when was it made ? from whom was the money obtained ? are all inquires not answered by the special verdict. Was that pretense made with the specific, criminal intent—the intent to defraud, the necessary ingredient of the offense charged against the defendant ? A special verdict devolves on the court the duty of determining whether the facts specially found justify, or would justify a general verdict.

If the facts so specially found, do not include all the essential elements of guilt, the prisoner can not be convicted.—*Commonwealth v. Call, supra*; *Sitz v. The State, supra.*

The judgment should have been omitted on the application of the appellant, and a *venire facias de novo* awarded.

JOSHUA MORSE, Attorney-General, *contra.* (No brief on file.)

*Per Curiam.*—1. The verdict, in this case, is a special, and not a general verdict, that the defendant is guilty in manner and form as charged in the indictment.

As a special verdict, it is wholly insufficient to authorize any judgment to be rendered on it.

Among the many defects of this verdict, the following may be named : 1. It does not find what the pretense was ; 2. It does not state to whom it was made ; 3. It does not state from whom the money was obtained ; 4. It does not state to whom the money belonged, nor does it find in what county the offense was committed.

The verdict being a special one, it can not be helped by intendment, or by reference to extrinsic facts which may appear upon the record.—*Lee v. Campbell's Heirs*, 4 Porter, 198.

A verdict is the act of the jury, and can not be aided either by intendment or by reference to extrinsic facts ; otherwise, it might become the act of the court, rather than of the jury.—*Sewall v. Gleddin*, 1 Ala. 52.

2. The verdict in this case is altogether defective, and an insufficient response to the issue, and for this reason bad, and no judgment should have been rendered upon it.—*Moody v. Keener*, 7 Porter, 218. The judgment, therefore, should have been arrested, and a *venire facias de novo* awarded.

We omit to consider the question made on the charge of the court, as it will not, probably, arise on another trial.

Let the judgment be reversed, and the cause remanded for a new trial, and the accused will remain in custody until discharged according to law.