# Blount *et al.* v. The State.

*Indictment for Assault with Intent to Murder.*

1. *Motion in arrest of judgment, and for new trial; what is good matter.* — That the verdict is against the evidence, or contrary to the charge of the court, is good matter for a motion for a new trial, but not for a motion in arrest of judgment, which must always be founded on matter apparent on the record.
2. *Sufficiency of verdict.* — A verdict of guilty, without the addition of the words "as charged in the indictment," or other words of similar import, is not incomplete, but sufficiently definite and certain.
3. *Conduct of accused at or about time of commission of offence.* — The conduct, demeanor, and expressions of the accused, at or about the time of the commission of the offence with which he is charged, are competent evidence against him; their value being determinable by the jury, and depending on their connection with other evidence, whether criminatory or exculpatory.
4. *Declarations and conduct of third persons not on trial.* — Where an unlawful assault is committed by several persons, some of whom only are on trial, the acts and declarations of the others, at the time of the assault, are competent evidence as a part of the *res gestæ.*

FROM the Circuit Court of Russell.

[Blount *v.* State.]

Tried before the Hon. L. B. STRANGE.

The indictment in this case, which was found at the November Term, 1872, charged, that "Russell King, Joe Hurt, Luke Hurt, Orran (or Orange) Hurt, Jeff. Manly, Lupe Blount, Sampson Blount, Harrison Blount, Warren Averett, and John Burns, unlawfully, and with malice aforethought, did assault Henry R. Carrington, Lee Corbett, Dock Corbett, Cornelius Brasil, and Z. Gardner, with the intent to murder them." All the persons named in the indictment, except Russell King, Joe Hurt, and Luke Hurt, were jointly tried, and all were convicted, except Orran Hurt, as to whom the jury returned a verdict of not guilty. As to the defendants who were convicted, the verdict of the jury was "guilty," without the addition of any other words. After conviction, said defendants moved in arrest of judgment, on the grounds, — "1st, that the verdict of the jury is not sufficient to authorize a judgment of conviction; 2d, that the verdict is contrary to the law and the evidence; 3d, that the verdict is contrary to the charge of the court." The court overruled the motion in arrest, and the defendants excepted to its action.

A bill of exceptions was reserved on the trial, which purports to set out all the evidence adduced, and which states that Henry R. Carrington, the first witness introduced by the State, testified as follows: "Witness is acquainted with all the defendants. On or about the 24th day of June, 1872, very early in the morning, witness went with Lee Corbett, Dock Corbett, and Zack. Gardner, to the plantation of Mr. Burt, in said county, with a search warrant, and arrested one Floyd Franklin, a negro, and took him to the house of Cornelius Brasil, which was about —— distant from said plantation, and stopped at the house of said Brasil to get breakfast. A short time after they stopped, these defendants came up. Witness saw all the defendants at Brasil's. Witness remained there about three hours, and, while there, observed the defendants talking together; that they were very busy, but he did not know what they were about, and heard nothing they said." The defendants objected to the admission of this statement by the witness, and reserved an exception to the ruling of the court in admitting it. When Carrington and his party had left Brasil's house, and proceeded along the public road about a quarter of a mile, as he testified, "he was commanded by Russell King, one of a party of negroes who were following them, to 'halt and loose that man.' Witness refused to do so, and then John Burns, one of the defendants, said, 'If you do not give him up, you will have to fight, for we are going to have him.' When this occurred, witness was about twenty-five steps distant from Russell King. Witness refused to give up his prisoner, and

[Blount v. State.]

was immediately fired upon by said Russell King, Luke Hurt, and others of said crowd of negroes. Five or six shots were fired. Witness saw one gun and two pistols. Russell King had one of the pistols, and Luke Hurt the other. Witness does not know who had the gun. Witness and his party returned the fire, and then charged the attacking party, when they all gave way and ran off. When they had run some distance, some one of them gave the order to rally; but it was not heeded, for they continued their flight. Witness saw no weapons in the possession of the defendants now on trial. Both parties were in the road when the firing commenced. No one was hurt, except Dock Corbett, who received a flesh wound in the leg. Witness did not see Warren Averett have any weapons, or show any disposition to engage in the fight; and when the firing commenced, he told witness that he had nothing to do with it, and stepped out into the corner of the fence, where he remained until the difficulty ended, and then accompanied witness and his party to Mr. Lindsay's. Witness did not see Sampson Blount, Harrison Blount, or Orran Hurt, in the crowd who did the shooting, or on the ground when the shooting took place, and did not see them at all again that day after leaving Brasil's house. While at Brasil's house in the morning, Sampson Blount asked witness how many witnesses would be required in Floyd Franklin's case, and witness told him that two would be sufficient." " The defendants, Sampson Blount, Harrison Blount, Orran Hurt, Warren Averett, Lupe Blount, and Jeff. Manly, objected to the admission of the acts and declarations of Russell King, Luke Hurt, and John Burns, as evidence against either of them, without proof of a common design existing between them, or either of them, and said Russell King, Luke Hurt, and John Burns ; and moved the court to exclude all such acts and declarations from the jury, as evidence of the commission of the offence by them, or either of them, because of the absence of proof of such common design. The court overruled the objection, and said defendants excepted." Exceptions similar to the above were reserved by the defendants to the rulings of the court in admitting evidence of the conduct and declarations of persons who were in the crowd at Brasil's house, and also at the time of the assault, as detailed by other witnesses of the State, who were in the party attacked, all of which present, substantially, the same questions.

BEN. GARDNER, Attorney General, for the State.

BRICKELL, J. — The motion in arrest of judgment was properly overruled. That a verdict is contrary to the charge of the court, or against the evidence, is the proper subject of a

motion for a new trial, but not of a motion in arrest of judgment, which is always founded on matter appearing on the record. *Williams & Daniel* v. *Br. Bank Montgomery*, 3 Ala. 504.

2. The verdict was responsive to the issue, ascertained and declared the guilt of the appellants, and authorized the judgment rendered. That the words "as charged in the bill of indictment," or words of similar import, are not added to the finding of guilty, does not render the verdict incomplete. The law supplied them by referring the finding to the indictment, and the offence therein charged. *State* v. *Jones*, 5 Ala. 666.

2. The assault with which the appellants were charged was committed on persons having in custody one Franklin Floyd. These persons, with their prisoner, had stopped at the house of Brasil. The defendants came to Brasil's and were busily talking together, but of what they were talking the witness could not say. A short time after this, and within about a quarter of a mile of Brasil's, the assault was made, the appellants being of the assailing party. The appellants objected, and excepted to the admission of the evidence that they were busily talking together. The evidence was properly admitted. The conduct, demeanor, and expressions of the accused at or about the time of the offence with which he is charged, are always admissible evidence. Their value is to be determined by the jury, and depends upon their connection with other evidence, criminatory or exculpatory. *Johnson* v. *State*, 17 Ala. 623.

3. The remaining evidence objected to may be thus grouped. The declarations and acts of persons belonging to the assailing party, who were not on trial, were offered in evidence, and objected to by the appellants, because it was not shown that they and these persons had a common design. Acts and declarations of some one of the appellants, at or about the time of the assault, were admitted in evidence generally, against the objection of the appellants, severally made. This evidence, we think, was properly admitted. It all falls within the narrowest definition of *res gestœ*. *Gandy* v. *Humphries*, 35 Ala. 624. The acts and declarations were contemporaneous with the main fact, the assault, and illustrative of its character and the connection of appellants with it. It was not necessary to show, as an independent fact, a community of design between the appellants and those whose acts and declarations were received in evidence. They and appellants were with the party making the assault. This presence was evidence of a community of design to go to the jury. "In the trial of Lord George Gordon for treason, the cry of the mob who accompanied the prisoner on his enterprise was received in evidence

as forming part of the *res gestœ*, and showing the character of the principal fact." 1 Greenl. Ev. § 108. On the same principle all the evidence objected to was admissible.

We are not able to discover any error in the record, and the judgment of the court below is affirmed.