## Trimble *v.* Isbell.

*Action on Promissory Note given for Price of Slaves.*

*Sufficiency of verdict.*—In an action on a promissory note given for the purchase-money of slaves, issue being joined on the pleas of payment, failure of consideration, and breach of warranty of soundness, a verdict in these words : " That they find for the defendant ; and that $1,300 was duly paid on the debt sued for; and that the girl Julia, which formed a part of the consideration, was unsound and valueless at the day of the sale and date of the note sued on ; and that she was valued in the sale, and sold, at $1,100 ; and that the woman Mary, mentioned in the bill of sale, and warranted to be sound, was sold to the purchaser at and for the price of $1,125 ; and that she was unsound at the date of the note sued on, and the date of plaintiff's warranty of soundness, and that said unsoundness amounted to one half of her estimated value," — is not a special verdict, but is equivalent to a general verdict for the defendant.

Appeal from the Circuit Court of Colbert.

Tried before the Hon. James S. Clark.

This action was brought by Joseph A. Trimble against Ellis Isbell, and was founded on a promissory note under seal for $2,500, executed by the defendant and one James P. O'Reilly, who was not sued. The said note was dated the 15th January, 1859, payable on the 1st January, 1860, and was given for the purchase money of slaves sold by plaintiff to said O'Reilly. The defendant pleaded, " in short by consent," payment, failure of consideration, breach of warranty, and recoupment on account of the unsoundness of the slaves, " with leave to give in evidence any matter, which, if specially pleaded, would be a good defence ; " and to these pleas there was the " general replication, and issue, with like leave." The verdict of the jury, as recited in the judgment entry, was in these words : " That they find for the defendant, and that $1,300 was duly paid on the debt sued for ; and they find that the girl Julia,

[Trimble v. Isbell.]

which formed a part of the consideration, was unsound and valueless at the day of the sale and date of the note sued on; and that she was valued in the sale, and sold, at $1,100; and that the woman Mary, mentioned in the bill of sale, and warranted to be sound, was sold to the purchaser at and for the price of $1,125; and that she was unsound at the date of the note sued on, and at the date of the plaintiff's warranty of soundness, and that said unsoundness amounted to one half of her estimated value." The rendition of judgment for the defendant on this verdict is now assigned as error.

J. B. MOORE, with whom was L. P. WALKER, for the appellant. — The verdict is special, and cannot be aided by any extrinsic facts, nor can any presumptions or intendments be indulged in its favor. *Lee* v. *Campbell's Heirs*, 4 Porter, 203; *Seawell* v. *Glidden*, 1 Ala. 52; *Pittsburg R. R. Co.* v. *Evans*, 53 Penn. St. 250; *Knickerbocker Mining Co.* v. *Hall*, 3 Nevada, 194; *Kahlman* v. *Merlinka*, 20 Texas, 385; *Nichols* v. *Weaver*, 7 Kansas, 373; *Manford* v. *Wardwell*, 6 Wallace, 423; 10 Bacon's Abr. 313; 43 Ala. 353.

ROBINSON & WALKER, *contra.* — The verdict is equivalent to a general finding for the defendant, and the words which follow do not qualify or limit its effect. Verdicts are not construed strictly, as pleadings are. If the meaning of the jury can be collected from the words used by them, the court will mould the verdict into proper form. The sufficiency of the verdict is sustained by the following authorities: *Fitzer* v. *McCannan*, 14 Wisconsin, 63; 2 Tidd's Pr. 897, and notes; 3 Bla. 378; *Prince* v. *State*, 35 Ala. 369; *Oxford* v. *State*, 33 Ala. 417; *Patterson* v. *Cook*, 8 Porter, 66; *Tucker* v. *Cocheron*, 47 N. H. 54; *Chambers* v. *Walker*, 42 Ala. 445; *Jean* v. *Sandiford*, 39 Ala. 317; *Roche* v. *Ladd*, 1 Allen, 436; *Gover* v. *Turner*, 28 Maryland, 600; *Dunlop* v. *Hayden*, 29 Indiana, 303; *O'Brien* v. *Palmer*, 49 Illinois, 72; *Buckham* v. *Smith*, 62 Penn. St. 45; *Horn* v. *Eberhart*, 17 Indiana, 118; *Gregory* v. *Frothingham*, 1 Nev. 253; 20 Iowa, 127; *Ross* v. *Mather*, 47 Barbour, 582.

B. F. SAFFOLD, J. — There is no bill of exceptions in the record, and the only matter assigned as error is the rendition of judgment for the defendant on the verdict. The verdict clearly conveys this meaning — that the defendant owes nothing, because $1,300 had been paid on the note, and $1,662 of the consideration had been lost to the debtors by the unsoundness of the slaves. The woman Julia was expressly found to have been a part of the consideration of the note, and to have been

valueless.    Mary also was found to have been unsound to the
extent of half the price agreed to be paid for her ; and to have
been mentioned in the bill of sale, and warranted by the plain-
tiff to be sound.    The unsoundness and warranty of soundness
are expressly referred to the date of the note sued on.    In
*Seawell* v. *Glidden* (1 Ala. 52), this court said : " If the facts
found are such as to show that there were other facts, touching
which there was evidence, and in regard to these the verdict is
silent, the court ought to award a *venire facias de novo.*"    In
*Lee* v. *Campbell's Heirs* (4 Porter, 198), the court said : " If
they (the jury) return facts, intelligently set forth, which
show no right to recover, or which show a good cause of action
without any available defence, it would certainly be the duty
of the court to render a judgment."

The verdict in this case can scarcely be called a special one.
But, if it be so regarded, every material fact is disclosed, upon
which the finding for the defendant is based.    It needs no in-
tendment, or reference to extrinsic facts which appear upon the
record, to ascertain its meaning.    Juries sometimes state their
reasons for the verdict, and they may be asked which precise
issue or issues they find in the affirmative or negative.    3 Chit.
Gen. Prac. 920.    But this does not render the verdict special ;
nor does it amount to that species of special verdict spoken of
by Blackstone (3 Comm. 378), when the jury find a verdict
generally for the plaintiff, but subject nevertheless to the opin-
ion of the judge, or the court above, on a *special case* stated
by the counsel on both sides, with regard to a matter of law.
In *Porter* v. *Rummery* (10 Mass. R. 64), the defendant in a
real action pleaded not guilty as to part of the land demanded,
and non-tenure as to the remainder.    Both points were in issue,
and the jury returned a verdict of not guilty.    The verdict
was objected to, as being upon one of the issues only.    The
court said : " The general rule is, that although the verdict may
not conclude, formally or punctually, in the words of the issue,
yet, if the point in issue can be concluded out of the finding,
the court shall work the verdict into form, and make it serve
according to the justice of the case."    It was further said, that
if the verdict, expressed in the terms of the first issue, was
understood at the trial in a restrictive application, the jury, it
may be presumed, would have been further inquired of, as to
their finding upon the second issue.

In the present case, if the reasons given by the jury for
their finding in favor of the defendant were deemed insufficient
at the trial, they ought to have been further inquired of, or a
motion made for a new trial.    It does not appear that the de-
fendant obtained more than he was entitled to ; and therefore
the plaintiff cannot complain of the statement of the reasons

[Wise v. Falkner.]

by which they attained their conclusion. *Toulmin & Lesesne* v. *Edmondson*, 2 Ala. 259. The judgment is affirmed.

BRICKELL, J., not sitting, having been of counsel.