# Huffman *v.* The State.

### *Indictment for Embezzlement.*

1. *Sufficiency of indictment.*—An indictment which charges the embezzlement of "money to about the amount of $150," without other description, or averment of value, being authorized by the Code (§ 3810; Form No. 39, p. 270), is sufficient on demurrer.

2. *Sufficiency of verdict.*—Under an indictment for the embezzlement of $150, alleged to be the personal property of S. Bros., a verdict of "guilty of embezzlement of a sum of money less than $25," without more, is a special verdict, and does not find enough to support a judgment of conviction.

FROM the City Court of Montgomery.

Tried before the Hon. THOS. M. ARRINGTON.

The indictment in this case contained three counts, each of which charged, in varying phraseology, that the defendant, being the bailee or agent of Sells Brothers, "did embezzle, or fraudulently convert to his own use, money to about the amount of $150, the personal property of said Sells Brothers, which came to his possession by virtue of his said employment." The defendant demurred to the indictment, "because it does not allege the value of the money embezzled, and because it does not allege the description or character of the money;" and his demurrer being overruled, he pleaded not guilty. He also moved in arrest of judgment, on account of the insufficiency of the verdict, but his motion was overruled.

JOHN G. FINLEY, for appellant, cited *Thompson v. State,* 42 Ark. 517; *Ward v. State,* 48 Ark. 36; *Clay v. State,* 43 Ala. 350.

WM. L. MARTIN, Attorney-General, for the State.

STONE, C. J.—The indictment in this case pursues the form given in the Code, and is sufficient.—Form 39, p. 270 of Code, vol. 2; § 3810, same vol.

The verdict in this case must be classed as a special one. Its language is, "We, the jury, find the defendant guilty of embezzlement of a sum of money less than twenty-five dol-

3

lars." When a special verdict is found, it must affirm every material ingredient of the offense, or no judgment can be rendered upon it. Under the authorities, we are not able to affirm that anything was found except what was expressed. Hence we are not permitted to know, or to infer, that the finding implied that the money embezzled was the property of Sells Brothers, or that it was embezzled in Montgomery county, Alabama.—*Clay v. State*, 43 Ala. 350; *Lee v. Campbell*, 4 Por. 198. If the verdict had been, "We, the jury, find the defendant guilty," or "guilty as charged," and had then added, as a further finding, the value of the property embezzled, this would have been a general verdict, and would have been held sufficient. The finding, in such case, would be referred to the indictment. This may seem to be a narrow point, but we are unwilling to depart from former rulings. We confine this ruling, however, to cases not distinguishable from it.

The testimony of what Scott paid in Georgia, and of the freight paid on the ostriches, could shed no light on the question of defendant's guilt, and was improperly admitted.

Reversed and remanded.