# Johnson v. The State.

### Prosecution for Assault and Battery.

1. *Assault and battery; when self defense can not be invoked; proof of threats.*—In a prosecution for an assault and battery, where the evidence shows that the defendant struck the first blow, while the prosecutor had his back turned to him, the defendant can not invoke the doctrine of self defense, nor can he prove previous threats made by the prosecutor against him.

2. *Same; admissibility of abusive language.*—In a prosecution for an assault and battery, if the defendant was the first to make use of opprobrious words or abusive language, he can not invoke the protection which the statute allows a defendant who is prosecuted for an assault and battery "to give in evidence any opprobrious words or abusive language made by the person assaulted or beaten at or near the time of the assault," (Code, § 4345); and yet, if the defendant struck the prosecutor under influence of passion engendered by insulting language, he not having said or done anything calculated to cause the prosecutor to use such language to him, the jury is authorized under said statute to justify or extenuate his act in assaulting or beating the prosecutor.

3. *Assault and battery; charge of court to jury.*—In a prosecution for an assault and battery, a charge which instructs the jury that if the defendant "did nothing more than was necessary to protect himself against the assault," by the prosecutor, if he made the assault, you must find the defendant "not guilty unless he brought on the difficulty," is erroneous and properly refused; the expression "unless he brought on the diffi-

[Johnson v. The State.]

culty" not being the equivalent of "free from fault."

4. *Assault and battery; self defense.*—When two persons meet together and immediately use insulting words and then fight willingly or by mutual consent, it is immaterial who commenced the quarrel, and neither can set up the plea of self defense; and in a prosecution for assault and battery, a charge which so instructs the jury asserts a correct proposition and is free from error.

APPEAL from the County Court of Morgan.

Tried before the Hon. WILLIAM E. SKEGGS.

The appellant in this case, W. T. Johnson, was prosecuted and convicted for an assault and battery upon John Henry with a pistol.

The evidence for the State tended to show that while the defendant was standing in a saloon, John Henry, the person assaulted, walked up to him and said: "I understand you have got a pistol for me;" that thereupon the defendant threw his hands behind him as if to draw a pistol, when Henry, who was in his shirt sleeves, turned his back to Johnson and said: "You see I am not armed;" that thereupon the defendant cursed Henry and at the same time kicked him and at the same time struck him on the head with the pistol and knocked him down, and that as Henry tried to arise the defendant struck him again with the pistol and knocked him down, and this was repeated two or three times. There was other testimony introduced tending to show that three or four hours before the assault complained of Henry and the defendant had a quarrel, in which the defendant cursed him and told him not to speak to him again.

The evidence introduced for the defendant tended to show that when Henry approached Johnson he cursed him and said that he wanted him to quit talking about him, and from this there arose an altercation from which the assault upon Henry was made; that Henry cursed the defendant first, and defendant cursed Henry.

Against the objection and exception of the defendant the court refused to allow the defendant to prove previous threats made by Henry against the defendant.

Upon the introduction of all the evidence the court, at the request of the State, gave to the jury the following written charge: (1.) "If you believe from the evi-

dence beyond a reasonable doubt that defendant and Henry met together and quarrelled, bandying opprobrious or insulting words, and fought willingly, or by mutual consent, it is immaterial which of them commenced the quarrel, and the defendant cannot under this state of facts, if you believe such beyond a reasonable doubt, set up the plea of self-defense."

The defendant separately excepted to the giving of this charge, and also separately excepted to the court's refusal to give each of the following charges requested by him: (1.) "The jury may look to any evidence in the case tending to show that Henry [used] opprobrious words or abusive language to defendant or about the time of the fight, together with the other evidence in the case, and if you believe such words or language was used, you may consider the same in justification or extenuation of the offense, and may acquit the defendant." (2.) "If the jury believe from the evidence that at or about the time of the difficulty Henry used abusive language or opprobrious words to the defendant, you may justify the assault and battery, if one is proved one account of such language or epithets and find the defendant not guilty." (4.) "I charge you that if opprobrious words or abusive language were used by Henry towards the defendant at or near the time of the assault and defendant struck on account thereof, you may consider the use of such words or language in extenuation or justification of the assault, as you may determine." (5.) "You may take into consideration the opprobrious words of abusive language words used by Henry towards defendant at or near the time of the difficulty, if any such were used, in extenuation or justification of the assault, if you believe an assault was made." (11.) "If Johnson did nothing more than was necessary to protect himself against an assault by Henry, if he made an assault, you must find Johnson not guilty unless he brought on the difficulty."

D. W. SPEAKE, for appellant, cited *Springer v. State*, 103 Ala. 30; *Brown v. State*, 74 Ala. 42; *Prior v. State*, 77 Ala. 56.

MASSEY WILSON, Attorney-General, for the State, cited *Jackson v. State,* 94 Ala. 85; *Springfield v. State,* 96 Ala. 81; *Henson v. State,* 120 Ala. 316; *Roberts v. State,* 68 Ala. 156; *Payne v. State,* 60 Ala. 86; *Howell v. State,* 79 Ala. 283; *Brown v. State,* 74 Ala. 478.

TYSON, J.—The evidence without dispute shows that defendant struck the first blow, and this he did while the prosecutor had his back turned to him. He is, therefore, in no position to invoke the doctrine of self-defense. This being true, the court rightly excluded evidence offered by defendant of previous threats by the prosecutor against him.

There is a dispute as to whether the prosecutor or defendant first made use of opprobrious words or abusive language. If defendant was the first to make use of such language he cannot invoke the protection of section 4345 of the Code.—*Brown v. The State,* 74 Ala. 42. On the other hand, if he struck the prosecutor under the influence of passion engendered by insulting language, he not having said or done anything calculated to cause the prosecutor to use such language to him, the jury would be authorized under the statute to justify or extenuate his act in assaulting and beating the prosecutor. *Brown's case, supra.*

Charges 1, 2, 4 and 5 refused to defendant ignore that phase of the testimony tending to prove that defendant was the first to use insulting language. They proceed upon the idea that if the prosecutor made use of insulting language to the defendant, that he is entitled to the benefit of the statute, notwithstanding the jury may have, under the evidence, found that he (defendant) made use of such language first. Their refusal was, therefore, proper.

The words in charge 11 "unless he brought on the difficulty," are not equivalent of "free from fault" and, for this reason, if for no other, the charge was properly refused.

The charge given at the request of the solicitor asserted a correct proposition of law and was properly given.—*Howell v. State,* 79 Ala. 283.

Affirmed.