160 So. 556

## GULLEDGE v. STATE.

4 Div. 121.

Court of Appeals of Alabama.

Jan. 15, 1935.

Rehearing Denied Feb. 19, 1935.

Guy W. Winn, of Clayton, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The indictment contained two counts, but upon arraignment of the accused count one thereof was nol prossed, as shown by the judgment. The remaining count, charged this appellant, in proper form and substance, with the offense of having in his possession a still, etc., to be used for the purpose of manufacturing or distilling prohibited liquors or beverages.

Appellant here, and apparently for the first time, complains of the verdict, insisting, among other things, it was insufficient to support the judgment of conviction pronounced and entered by the court.

As stated, the defendant was put upon trial on one count only, and after trial and consideration the jury returned the verdict: "We

the jury find the defendant guilty." There is no merit in this insistence. The verdict was responsive to the issue, ascertained and declared the guilt of the defendant, and authorized the judgment rendered. The fact that the words "as charged in the indictment," or words of similar import, are not added to the verdict finding the defendant guilty, does not render the verdict incomplete. The law supplies them by referring the finding to the indictment and the offense charged therein. Blount v. State, 49 Ala. 381; McDonald v. State, 118 Ala. 672, 23 So. 637. See also Morrissette v. State, 16 Ala. App. 32, 75 So. 177.

The exceptions reserved to the rulings of the court upon the admission of the evidence are so clearly without merit no discussion is necessary.

The corpus delicti was sufficiently proven to allow testimony of the voluntary confessions of the accused. The evidence being in conflict presented a jury question. This evidence was also ample to sustain the verdict of the jury. The judgment contained in the record is regular in all things and cannot be impeached by argument of counsel in brief.

We find no reversible error in any ruling of the court complained of, and as the record proper is also without error, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.