158 So. 903

## HUGULEY v. STATE.
### 4 Div. 59.

Court of Appeals of Alabama.
Jan. 22, 1935.

Powell & Hamilton, of Greenville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

SAMFORD, Judge.

The defendant was tried and convicted on a charge of assault to murder Hamp Moore. When Moore was being examined as a witness for the state he testified to a statement of facts, which if true and believed by the jury

beyond a reasonable doubt sustained and made out the state's case. On cross-examination of this witness the defendant sought to prove that this witness told his mother that if this boy (defendant) and his mother were not off the place by the first of January he was going to take land or home and sell it. There were several questions looking to this same end, to all of which objections were overruled and exceptions reserved. The evidence tended to show that defendant and his mother were living in the house with the mother's father and mother; that Moore, the party assaulted, was defendant's uncle and brother to his mother; that this assault grew out of a family row occasioned by Moore objecting to the harboring in the home of holiness preachers. Under the facts we think that the answers were relevant and should have been allowed, and that in the various rulings on these questions the court committed reversible error.

■ The indictment was in Code form, and was sufficient to charge the offense. The verdict was: "We the jury find the defendant guilty of assault with intent to murder." If the verdict had been, "we the jury find the defendant guilty" or "guilty as charged," it would have been a general verdict and referable alone to the indictment.

As it is, the indictment charges that defendant assaulted Hamp Moore with the intent to murder him, and the verdict finds the defendant guilty of assault to murder, without specifying the person assaulted. This makes the verdict special instead of general, and where this is the case it may not be aided by reference to the indictment, but must be complete within itself. Lee v. Campbell's Heirs, 4 Port. 198; Clay v. State, 43 Ala. 350; Huffman v. State, 89 Ala. 33, 8 So. 28.

For the errors pointed out, the judgment is reversed and the cause is remanded.

Reversed and remanded.