165 So. 256

**RUSSELL v. STATE.**

4 Div. 154.

Court of Appeals of Alabama.
Dec. 17, 1935.

Rehearing Denied Jan. 14, 1936.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws and Wm. H. Loeb, Asst. Attys. Gen., for the State.

**BRICKEN, Presiding Judge.**

Upon an indictment which charged this appellant with the offense of assault with intent to murder Mary Lanson, she was tried and found guilty of an assault and battery. The jury assessed a fine of $350. Judgment of conviction was accordingly pronounced and entered by the court, from which this appeal was taken.

It is conceded that the evidence in this case tended to show:

For the state: One Monday morning, in February, 1934, the defendant was passing the home of the alleged assaulted person, Mary Lanson, when she heard a conversation between Mary and another woman by the name of Dovie Malone. The defendant then addressed the woman, Mary Lanson, as follows: "Tell that durn lie like you told it yesterday." The defendant then went into Mary Lanson's yard almost to the steps, and some of the wit-

Chauncey Sparks, of Eufaula, for appellant.

nesses testified that she had a half brick in both hands, as she continued to repeat the request above quoted. Some of the state's witnesses testified that the assaulted person, Mary Lanson, then dodged or hid behind the woman, Dovie Malone; and that the defendant spoke to Dovie as follows: "Dovie, if you don't move, I'll hit you in the face." After that, Dovie left and the woman, Mary Lanson, started up the steps and the defendant grabbed her and pulled her back, and as she fell back, the defendant jumped on her and proceeded to beat her with some kind of alleged blunt instrument.

For the defense: The defendant denied the version of the difficulty, as testified to by the state's witnesses, and testified that the woman, Mary Lanson, made the first attempt to assault the defendant. The witnesses for the defendant who saw the difficulty tell a different story from that of the state's witnesses, which tends to show that the testimony of the defendant, that the woman, Mary Lanson, fell and the defendant was picking her up when she assaulted the defendant, is true.

There was a verdict of guilty of the offense of assault and battery by the jury in the following language: "We, the jury find the defendant guilty of assault and battery and fix fine at $350.00."

The indictment in this case, as will be noted, charged a felony, but by operation of law it charged also every lesser offense included in the one charged. Hence, it charged the defendant with assault and battery, and with a simple assault; in neither of which is malice aforethought an essential ingredient. The verdict of the jury finding the defendant guilty of an assault and battery operated as an acquittal of the greater offense of assault with intent to murder. Therefore, in the consideration of this appeal, all questions and points of decision relating solely to the felony charged need not and will not be considered, such questions being now abstract and of no import in this case.

One of the principal insistences of appellant is to the effect that the verdict of the jury in this case is void, and is therefore insufficient to support the judgment of conviction and the sentence. It is contended by able counsel for appellant under his proposition 3, as follows:

"3. The verdict in this case is special and is not sufficient, under the authorities cited in brief. The jury says: 'We, the jury, find the defendant guilty of assault and battery and fix fine at $350.00.'

"Apart from the validity vel non of the assessment of a fine, the verdict was not responsive to the indictment. In the case of Clay v. State, 43 Ala. 350, the Court says:

"'The verdict, in this case, is a special, and not a general verdict, that the defendant is guilty in manner and form as charged in the indictment.

"'As a special verdict, it is wholly insufficient to authorize any judgment to be rendered on it.

"'Among the many defects of this verdict, the following may be named: 1. It does not find what the pretense was; 2. It does not state to whom it was made; 3. It does not state from whom the money was obtained; 4. It does not state to whom the money belonged, nor does it find in what county the offense was committed.

"'The verdict being a special one, it can not be helped by intendment, or by reference to extrinsic facts which may appear upon the record.'

"The indictment charges that the defendant 'unlawfully, and with malice aforethought, did assault Mary Lanson with the intent to murder her.' It is true the lesser offenses of assault and battery and assault are involved in this accusation. However, the verdict for a lesser offense should be just as complete as a verdict for the larger offense involved. In the Huguley Case, 158 So. 903, 904, supra, the Court of Appeals has condemned a verdict under an indictment for assault with intent to murder, which simply says: 'We the jury find the defendant guilty of assault with intent to murder.' By the same logical reasoning, the verdict for a lesser offense, which fails to follow the allegations of the indictment, would, in like manner, be void.

"The verdict in this case simply says that the jury finds the defendant guilty of assault and battery, and makes no mention of the person upon whom the assault and battery was committed. Under the ruling of the authorities, supra, it is necessary for the verdict to show the person assaulted with intent to murder. It is just as logical that the verdict for a lesser offense should, in like manner, show the person who was assaulted and beaten.

"'It is different when the verdict is imperfect in substance, and does not respond

affirmatively, or by necessary implication, to the issues as formed. Such verdict is imperfect, not in form, but in substance. The presiding judge should not receive an imperfect verdict, but should remand the jury for further deliberation, under appropriate instructions. If the court were to attempt to aid such verdict, it would become, not the verdict of the jury, but of the court.'

"City of Birmingham v. Hawkins, 196 Ala. 127, beginning at bottom of page 131, 72 So. 25, 27.

"The court erred in receiving the verdict in this case, and predicating a judgment of guilt, and in sentencing the defendant to pay a fine, thereon."

The foregoing, as stated, is insisted upon by appellant, and the quoted excerpts are copied from brief of his counsel.

■ We cannot accord to the foregoing insistence. As stated, an indictment for assault with intent to murder includes the lesser offense of assault and battery. Jones v. State, 79 Ala. 23. The verdict will be referred to the indictment, without adding "as charged in the indictment," or other like recital. Blount et al. v. State, 49 Ala. 381; McDonald v. State, 118 Ala. 672, 23 So. 637; Gulledge v. State (Ala. App.) 160 So. 556,[1] certiorari denied 230 Ala. 206, 160 So. 556. Such verdict responds to all the issues presented, operating as an acquittal of the higher and a conviction of the lower offenses charged in the indictment. Identifying the lower offense by the usual designation "assault and battery" and affixing a punishment suited to such offense is sufficient. The verdict here complained of is a general verdict and not a special verdict within the rules requiring special verdicts to set out the finding of facts, etc. 16 C.J. p. 1110; Id., p. 1099; 64 C.J. pp. 1053–54; Id., p. 1065.

Our former case of Huguley v. State, 26 Ala.App. 295, 158 So. 903, is modified to conform with what has been herein said upon this point of decision.

■ Charge A refused to defendant is as follows: "If you find from the evidence that the defendant and the woman Lanson fought willingly, then you cannot convict the defendant." Appellant earnestly insists that the above-quoted charge asserts a correct statement of the law, but cites no authority to sustain the insistence. We are not aware of any authority to sustain this proposition. The law is, when two persons fight willingly, or by mutual consent each would be guilty and neither of the combatants can set up self-defense. Johnson v. State, 136 Ala. 76, 34 So. 209; Harris v. State, 123 Ala. 69, 26 So. 515; Engelhardt v. State, 88 Ala. 100, 7 So. 154. The charge A was properly refused.

■ The remaining insistence relates to the rulings of the court upon the admission of evidence to which exceptions were reserved. Appellant concedes, in effect, that several of these rulings, assigned as error, are not harmful, hence need no discussion. But it is insisted that assignments 8, 11, 15, 16, 17, 18, and 19 are error to a reversal. We note that these questions are of the same import, and involve substantially the same point of decision which arose on the cross-examination of some of the witnesses for the state, wherein defendant undertook to show that some of the state witnesses belonged to a certain designated secret fraternal society. The court ruled correctly in not allowing this line of inquiry. The affairs of the secret fraternal society inquired about were in no manner involved in this case, and the rule of evidence providing that bias, interest, or prejudice of a witness may be shown by competent evidence cannot be extended as here attempted. State v. Barger, 111 Ohio St. 448, 145 N.E. 857, 858. In that case the court said: "We have never understood, unless the affairs of a fraternal, religious, or political society, or of an organization, are involved in issue, that it is competent to show a witness has membership in such organization." The quoted excerpt from the Barger Case, supra, has the full approval of this court. It needs no extended discussion to emphasize the the impracticability of a rule of evidence of this character. We judicially know of the thousands of fraternal, religious, and political societies and organizations of this, and of every other civilized country; and if the rule of evidence here insisted upon prevailed, this character of inquiry would unquestionably be injected into a large majority of every case tried in the courts. The question here involved was foreign to any issue on the trial of this case. The trial court properly so held.

The foregoing disposes of all questions presented. Finding no reversible error in any of the rulings of the court complained

of, and the record being regular in all respects, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.

