165 So. 409

## REDD v. STATE.
### 4 Div. 153.

Court of Appeals of Alabama.
Jan. 14, 1936.

Chauncey Sparks, of Eufaula, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

RICE, Judge.

The indictment charging, essentially, that appellant "did assault Ed Johnson alias Ed Jackson with the intent to murder him," there could be no valid objection to the verdict of the jury which simply found appellant "guilty of assault with intent to murder." So, in essence, says our Supreme Court. See Response of that court to certificate of our Presiding Judge in the case of Effie Russell v. State, 231 Ala. 297, 165 So. 255. The holding to a contrary effect announced by this court in the case of Huguley v. State, 26 Ala.App. 295, 158 So. 903, was misconceived, and is hereby expressly overruled.

The state's testimony tended to show that appellant had had a controversy with one Joe Jackson, brother of Ed Jackson, over a dice game. Ed Jackson was present at that time and tried to settle the difficulty. Joe Jackson and Ed Jackson left the scene of the first difficulty and went to the house of one Hugh Fenn. About one-half hour later appellant (so the testimony mentioned tended to show) approached this house with a shotgun looking for Joe Jackson. As appellant walked into the yard, Ed Jackson was at the front door. Appellant asked Ed Jackson where Joe Jackson was. Ed Jackson told appellant that Joe was in the back of the house. Thereupon (all this as the aforementioned testimony tended to show) appellant said: "I will kill any man, you are his brother and I'll kill you"—and shot at Ed Jackson. The shot missed Ed Jackson, but a splinter from the front door sill caused thereby hit him in the face. The bullet went into the inside door of the front room. The place where appellant stood when he fired the shot was only a short distance from the front door.

The testimony on behalf of appellant tended to establish the fact that the gun went off accidentally in a tussle with his sister, who was trying to prevent the assault.

The trial judge in his able oral charge to the jury covered every phase of the law applicable to the issues. He specifically instructed them to the effect that to constitute the offense charged the assault must have been of such a nature as that if death had followed the appellant would have been guilty of murder in the

first or second degree. He correctly charged them as to the necessary elements of the offense, including intent. The following part of his oral charge stated a correct principle of law applicable to the case: " * * * it's not necessary in order to render one guilty of an assault with the intent to murder * * * that *he must have specifically will(ed) to kill the man who fell the victim of his conduct, but he must have intended to do that, the probable and reasonable effect of which would have been to produce death; in other words, he must intend to do the thing,* the reasonable and probable effect of which would be to produce death, even though he may not have intended specifically to kill the man at whom he shot." (Italics ours.)

Appellant's requested charges 4, 5, 6, 7, 8, 9, and 13 were properly refused, as they were based on the specific intent to kill Ed Jackson. Although the word "specific" was not used in the requested charges, they required the jury to find that defendant *specifically* intended to kill Ed Jackson, before they could convict. They were misleading to the jury. Bush v. State, 136 Ala. 85, 33 So. 878; Jones v. State, 96 Ala. 102, 11 So. 399; Jolly v. State, 94 Ala. 19, 10 So. 606; Jackson v. State, 94 Ala. 85, 10 So. 509; Walls v. State, 90 Ala. 618, 8 So. 680. See, also, 30 C.J. pp. 20, 21, and 354.

Requested charges 16, 17, 18, 19, 20, 21, and 22 were properly refused as being abstract. The evidence without dispute shows that the shot was fired at an effective range, to produce death if it had hit its mark. Appellant was standing in the yard when he fired the shotgun, and Ed Jackson was standing in the front door only a short distance away. Moreover, the jury was instructed with reference to the matter of the effective range of the gun.

Requested charge A was properly refused. Appellant may have been guilty of assault with intent to murder Ed Jackson, although he may have shot at Joe Jackson, or anybody else. Moreover, the threat was part of the res gestæ, as the first difficulty lead up to and was part of the main transaction. There was a continuous chain of circumstances; the difficulty over the dice game, the procuring of the shotgun by the appellant, and the shooting.

Appellant was capably and stubbornly defended on his trial below. But we find no ruling which the trial court was required to make, and which it made, infected with error prejudicial to any of his rights.

The judgment is affirmed.

Affirmed.