JOSEPH J. MULLINS, Retired Circuit Judge.
The Grand Jury of Montgomery County returned an indictment charging that the appellant, Lorenzo E. Green, assaulted Freddie White, with the intent unlawfully, maliciously, and intentionally to put out or destroy his eye. Appellant duly entered a plea of not guilty. Appellant was duly found guilty by a jury of the offense of an' assault and battery. The trial court sentenced the appellant to be imprisoned in the Montgomery County Jail for 12 months, and the appellant appeals to this Court.
The appellant was at all proceedings in the trial court represented by counsel of his own choice and is so represented by the same counsel in this Court. This appeal was submitted to this Court on briefs.
The appellant contends that the trial court erred to his prejudice on two grounds: First, that the offense of an assault and battery is not included in an indictment for assault with intent to maim; second, that the punishment imposed on appellant exceeds that permitted by law.
The indictment in this case is in the form provided by Code Of Alabama, 1975, Sec. 15-8-150(13) for an assault with intent to maim. An assault with intent to maim is a felony punishable by imprisonment in the penitentiary for not less than two nor more than twenty years. Code Of Alabama, 1975, Sec. 13-1—46.
Code Of Alabama, 1975, Sec. 15-17-1. Verdict may be for lesser offense than charged; verdict for offenses included in offense charged.
“When an indictment charges an offense of which there are different degrees, the jury may find the defendant not guilty of the degree charged and guilty of any degree inferior thereto or of an attempt to commit the offense charged; and the defendant may also be found guilty of any offense which is necessarily included in that with which he is charged, whether it be a felony or a misdemeanor.” The jury returned a verdict against the appellant for an assault and battery.
The facts tended to prove that the appellant and Freddie White were incarcerated at Kilby Prison in Montgomery County, and that the appellant picked up a knife and stabbed White in or about the eye, and hit him up side the head, and other inmates took the knife from the appellant. There was before the jury sufficient evidence to *215 sustain the jury verdict- finding the appellant guilty of assault and battery. We note that appellant’s refused charge no. 2 states that an assault and battery is included in the charge against the appellant, and that the trial court in its oral charge to the jury stated, that included in the offenses charged is what is called assault and battery, and defined an assault and battery to the jury.
We hold that an assault and battery for which the appellant was found guilty is a lesser included offense of assault with intent to maim. Code Of Alabama, 1975, Sec. 15-8-150(13); Lynn v. State, 31 Ala.App. 216, 14 So.2d 259; Payne v. State, 148 Ala. 609, 42 So. 988; McArdle v. State, Ala.Cr. App., 372 So.2d 897, certiorari denied, Ala., 372 So.2d 902; Russell v. State, 27 Ala.App. 10, 165 So. 256; Russell v. State, 231 Ala. 297, 165 So. 255.
We now consider the punishment imposed on appellant by the sentence of the court. Code Of Alabama, 1975, Sec. 13-1-40 provides that any person who commits an assault, or an assault and battery, on another, shall, on conviction, be fined not more than $500.00 and may also be imprisoned in the county jail or sentenced to hard labor for the county, for not more than six months. The sentence imposed on the appellant is for 12 months, and exceeds that authorized by law. This does not constitute reversible error under the law in this case, but requires that this cause be remanded for proper sentencing of appellant. Easley v. State, Ala.Cr.App., 369 So.2d 69; Swicegood v. State, 42 Ala.App. 492, 168 So.2d 624; certiorari denied, 277 Ala. 702, 168 So.2d 626, certiorari denied, 380 U.S. 920, 85 S.Ct. 916, 13 L.Ed.2d 804.
We have carefully searched the record and are of the opinion that reversible error does not appear. Appellant’s conviction is hereby affirmed, the twelve months sentence is set aside, and this cause is hereby remanded to the Circuit Court of Montgomery County for a proper sentence to be imposed on appellant by the trial judge.
The foregoing opinion was prepared by Honorable JOSEPH J. MULLINS, a retired Circuit Judge, serving as a Judge of this Court; his opinion is hereby adopted as that of the Court.
Affirmed; remanded for proper sentencing.
All the Judges concur.