158 So. 892

## LONDON & SCOTTISH ASSUR. CORPORATION OF LONDON, ENGLAND, v. SMITH.

### 6 Div. 541.

Supreme Court of Alabama.
Jan. 17, 1935.

---

For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes

557

For other cases see same topic and KEY NUMBER in all Key Number Digests and Indexes

H. H. Grooms and Coleman, Spain, Stewart & Davies, all of Birmingham, for appellant.

H. M. Abercrombie and Mullins & Deramus, all of Birmingham, for appellee.

KNIGHT, Justice.

Suit upon a fire insurance policy. The plaintiff has stated his cause of action in one count, in which he sues as assignee of the Alabama National Life Insurance Company.

It is averred in the complaint, count A, that the defendant insured a certain apartment house against loss or injury by fire and other perils; that this building was, while the insurance was in force, damaged by fire. This policy was issued to the plaintiff as owner of the building.

It is averred that the policy of insurance contained a stipulation, provision, or agreement whereby loss or damage, if any, under the policy should be payable to Alabama National Life Insurance Company, as first mortgagee, as its interest might appear. It is then averred that on, to wit, the 2d day of March, 1928 (after the loss had been suffered), the Alabama National Life Insurance Company, for a valuable consideration, assigned and transferred to the plaintiff any interest it may have had in and to "any amount due under the terms of the policy." The transfer is set out in hæc verba.

The appellant's third assignment of error presents for review the propriety of the court's action in overruling the defendant's demurrer to the complaint.

It is first urged against the complaint that it is vague and indefinite as to whether the plaintiff is proceeding in his original and individual capacity, as the insured under the policy contract, or only as the assignee of the policy as to any loss that may have occurred thereunder, or whether he is suing in both capacities.

■ A plaintiff will not be permitted against an apt ground of demurrer, in a single count, to allege in "a doubtful and uncertain manner two or more distinct and incongruous causes of action, in order to hit some possible cause of action that he may be able to prove on the trial." Birmingham Ry. Lt. & P. Co., v. Nicholas, 181 Ala. 491, 61 So. 361, 364.

In the case of McGhee et al. v. Reynolds, 129 Ala. 540, 29 So. 961, 965, it was observed: "A complaint should be framed upon a definite theory, so as to inform the defendant of the issue he is called upon to meet, and to furnish the court with the means of determining the relevancy of evidence."

■ However, we are not impressed that there is merit in appellant's contention that the averments of the complaint are inconsistent, or that under the complaint, as framed, the plaintiff can claim both in his individual capacity, as the originally insured party, and also as assignee of the Alabama National Life Insurance Company, as payee under the "loss payable clause."

As we construe the complaint, the plaintiff has proceeded in virtue of his right as assignee of the Alabama National Insurance

Company, mortgagee, to recover such, and only such, loss as the said mortgagee could have recovered. The summons commands the defendant to appear and answer "the complaint of W. W. Smith, as assignee of the Alabama National Life Insurance Company." While the summons was issued by the clerk of the court, we may well assume that it followed the caption of the complaint. On appeal, under our rule 26, the clerk is required, in preparing the transcript, to set out the style of the cause; and the style of the cause, as stated in the transcript before us, is: "W. W. Smith, as assignee of the Alabama National Life Insurance Company, a corporation, Plaintiff, v. London and Scottish Assurance Corporation, a corporation, Defendant." We hold that this suit is by the plaintiff, suing in virtue of his right as assignee of the Alabama National Life Insurance Company.

■ However, the complaint, in our opinion, was defective in one particular. It wholly failed to set forth either in terms or legal effect the "loss payable clause" by which the Alabama Life Insurance Company became a party to the contract of insurance. The complaint was defective in not averring that there was a balance still due and owing on the mortgage, and the amount of such balance. For aught averred to the contrary, the entire debt secured by the mortgage had been paid before the fire occurred. Apt grounds of demurrer were assigned to this defect in the complaint, and the court erred in not sustaining the same.

With its demurrer overruled, the defendant filed a number of pleas—the general issue and special pleas. The case went to the jury on pleas 1 (general issue) and pleas 6, 7, 8, 11, 12, and 13.

It is insisted that the court committed error in sustaining plaintiff's demurrer to plea 5. There is merit in the insistence.

■ Plea 5 brought forward a provision of the policy contract to the effect that the entire policy "shall be void * * * if the subject of the insurance be a building on ground not owned by the insured in fee simple." The defendant set up in this plea that the "subject of the insurance was a building not on ground owned by the insured in fee simple."

It will be noted that the complaint averred that the policy "contained a stipulation, provision, or agreement, whereby loss or damage, if any, under the policy should be payable to Alabama National Life Insurance Company, as first mortgagee, as its interest might appear."

There is nothing in the complaint to show that the policy would not be avoided, as to the designated payee, by acts of the insured done or suffered contrary to the provisions of the policy contract, or that the terms or conditions of the policy providing for a forfeiture, which applied as to the insured, would not apply to the mortgagee. In the absence of such averments, we must hold, in consonance with our previous decisions, that any of the terms or conditions of the policy, which would defeat recovery by the insured, would also defeat recovery by the mortgagee. This was our holding in the case of Home Loan & Finance Co. v. Fireman's Fund Ins. Co. of San Francisco, Cal., 221 Ala. 529, 129 So. 470, 471, wherein it was observed: "A forfeiture by reason of complete change of ownership without the consent of the insurer, so that the policy is no longer in force in favor of the insured, defeats also the claim of his appointee. 26 C. J. p. 44; 2 Cooley's Briefs on Ins. (2d Ed.) 1267 and 1287; Hartford Fire Ins. Co. v. Liddell, 130 Ga. 8, 60 S. E. 104, 14 L. R. A. (N. S.) 168, 124 Am. St. Rep. 157; Southern States F. & C. Ins. Co. v. Napier, 22 Ga. App. 361, 96 S. E. 15; Brecht v. Law, Union & Crown Ins. Co. (C. C. A.) 160 F. 399, 18 L. R. A. (N. S.) 197, and note; Boston Co-Operative Bank v. American C. Ins. Co., 201 Mass. 350, 87 N. E. 594, 23 L. R. A. (N. S.) 1147, and note; Roper v. National Fire Ins. Co., 161 N. C. 151, 76 S. E. 869."

Plea 5, therefore, presented a defense to the action, as stated in the complaint, and the court committed error in sustaining plaintiff's demurrer thereto. The plaintiff could have anticipated this defense by bringing forward the terms of the "loss payable clause," naming the mortgagee as payee, which plaintiff subsequently introduced in evidence; or, failing in that, he could have replied to the plea by setting up the terms of the agreement designating the mortgagee as payee under the loss payable clause as executed.

In view of the fact that there may be another trial of this cause, it may be proper here to state that further consideration should be given to the sufficiency of pleas 6 and 7. The sufficiency of these pleas is not presented here for consideration, and hence we are not called upon to pass upon the same.

We will dismiss consideration of the sufficiency of plea 9, with the observation that this assignment of error is not insisted upon.

The plea presented no answer to the complaint.

■ Plaintiff, while testifying to certain injuries caused by the fire to the equipment in the compartment where the boiler was located, was asked the following question by his attorney: "What did that damage amount to?" The defendant interposed proper and timely objection to the question. The court overruled the objection, and permitted the witness to state the amount in dollars of such damages. This ruling of the court was clearly erroneous. Alabama Power Co. v. Smith (Ala. Sup.) 155 So. 601;[1] Montgomery & West Point R. Co. v. Varner, 19 Ala. 185; Hames v. Brownlee, 63 Ala. 277; St. L. & S. F. R. R. Co. v. Cash Grain Co., 161 Ala. 332, 50 So. 81; Hardaway-Wright Co. v. Bradley Bros., 163 Ala. 596, 51 So. 21; City of Ozark v. Byrd, 225 Ala. 332, 143 So. 168. The quantum of damages was for the jury to ascertain and fix. What was said in the case of Atlanta & Birmingham Air Line Ry. Co. v. Brown, 158 Ala. 607, 48 So. 73, 76, is here directly in point: "The court erred in allowing the witness (plaintiff) to testify as to what the amount of the damage done to the fruit trees was. A witness cannot give his opinion as to the amount of damage. The province of the jury is to ascertain the amount of damage, and the witness must testify to facts, upon which the jury must base its findings. Donnell v. Jones, 13 Ala. 490, 510, 48 Am. Dec. 59, et seq.; Montgomery & W. P. R. v. Varner, 19 Ala. 185; Ala. & Fla. R. v. Burkett, 42 Ala. 83, 87, 88; Chandler v. Bush, 84 Ala. 102, 4 So. 207; Dushane v. Benedict, 120 U. S. 631, 647, 7 S. Ct. 696, 30 L. Ed. 810; Hames v. Brownlee, 63 Ala. 277; Young & Co. v. Cureton, 87 Ala. 727, 6 So. 352; 4 Enc. Ev. pp. 12, 13. For the same reason the question to said witness, 'In your judgment, what was the injury or damage done to the land?' and the question, in the same words, to the witness Green, plainly, on their face, called for illegal testimony; and the questions and answers should have been excluded."

■ The plaintiff's objection was properly sustained to the following question propounded by defendant to its witness Fairley: "Did Mr. Smith or Mr. Charlton tell you at the time that there was no loss and that there would be no harm come from making the assignment?" It is not shown that Mr. Charlton had any authority whatever to bind Mr. Smith by any statement he may have made to Mr. Fairley about the loss. Had the question been confined to a statement by the plaintiff, the question would possibly have been unobjectionable, but it also called for the statement of another, not shown to have had authority to make the same. This rendered the question objectionable. Alaga Coach Line v. Foy, 227 Ala. 506, 150 So. 493; Craft v. Standard Acc't. Ins. Co., 220 Ala. 6, 123 So. 271; Memphis & Charleston R. Co. v. Womack, Adm'x, 84 Ala. 149, 4 So. 618; Ala. Great So. R. R. Co. v. Hawk, 72 Ala. 112, 47 Am. Rep. 403; Tanner's Ex'r v. Louisville & Nashville R. R. Co., 60 Ala. 621.

The errors complained of by the appellant, and made the bases of its eleventh, twelfth, and thirteenth assignments of error, if errors at all, were all cured by the court's action in charging out, as elements of damage, the repairs made by appellee individually.

■ The appellant's twenty-first assignment of error is based upon the sustaining by the court of plaintiff's objection to the following question propounded by defendant to its witness Fairley: "Was there any—so far as you know, was there any difference in the value of your security there prior to February 5, 1926, the date of the alleged explosion, and the value of your security after February 5, 1926?" Whether the question was subject to plaintiff's objection or not, the record shows that, notwithstanding the court sustained the same, the witness answered the question, and the answer was not excluded, but remained in evidence, hence appellant has nothing to complain of, and this assignment will not be further considered.

■ Under the evidence in the case, we cannot affirm that the court committed error in overruling defendant's objection to the following question propounded by plaintiff on cross-examination to the witness Fairley: "Well, assume that that apartment out there was heated by a fire, regardless of how small it was or how big the flame was, to such an extent that it bucked the floors in it and cracked them so that it would have to be repaired, would that have impaired the security of your mortgage?"

There was some evidence, slight it may be, that the floors were bucked and cracked, as a result of the fire, and the objection, as framed, was therefore overruled without error. Prudential Insurance Co. v. Calvin, 227 Ala. 146, 148 So. 837.

■ There was evidence in the case sufficient to carry it to the jury, and consequently the general affirmative charge in favor of the defendant was refused without error. In-

---

[1] Ante, p. 105.

ferences adverse to the defendant could be drawn by the jury from the evidence, and, in such cases, the general charge should never be given. J. C. Byram & Co. v. Livingston, 225 Ala. 442, 143 So. 461: McMillan v. Aiken, 205 Ala. 35, 88 So. 135; Southern Bldg. & Loan Ass'n v. Bryant, 225 Ala. 527, 144 So. 367; Alaga Coach Line v. Foy, supra.

It is apparent that charge F, refused to defendant, was predicated upon pleas 6 and 7, and the evidence offered thereunder. If it be conceded that these pleas were sufficient in law to bar a recovery, the charge was bad, in that it required a finding for defendant, although the alleged repair may have been made by the Alabama National Life Insurance Company.

Unquestionably, if the property covered by the insurance policy was damaged by the fire, to the extent of that damage, the Alabama National Life Insurance Company's security would have been impaired. The defendant, under the evidence, was not entitled to have the jury instructed in the terms of either of its refused charges SS or TT.

We come now to a consideration of the defendant's motion for a new trial. The trial court evidently intended to force a remittitur of damages, being, we are persuaded, of the opinion that the damages awarded the plaintiff were excessive by $500. We know of no authority in law which permits a trial court to direct a remittitur of damages against the will of the party recovering the same. Therefore the order of Judge Snyder, directing the plaintiff to enter a remittitur of damages in the sum of $500 against the objection and exception of plaintiff, was unauthorized and void.

The evidence in this case has been carefully examined by us. As we view it, there was some foundation in the evidence for a verdict, in some amount, for the plaintiff, but the amount awarded him, in our opinion, is so grossly excessive as to stamp the verdict as being unjust and contrary to the great weight of the evidence. If there were no other errors requiring a reversal of the cause, we would feel constrained to reverse the trial court for not granting defendant's motion for a new trial.

For the errors pointed out, the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.