22 So.2d 603

**W. T. RAWLEIGH CO. v. HANNON et al.**

5 Div. 221.

Court of Appeals of Alabama.
May 22, 1945.

Rehearing Denied June 19, 1945.

148

See also 245 Ala. 266, 16 So.2d 800.

J. B. Atkinson, of Clanton, for appellant.

Felix L. Smith, of Rockford, for appellees.

CARR, Judge.

In the lower court plaintiff, appellant here, prosecuted its case against appellees

as guarantors for T. S. McCain, who had, with appellant, a contract to purchase, on a credit basis, its articles of merchandise. The claimed amount is $487.49, with lawful interest thereon from July 1, 1934.

When the evidence had been concluded, the trial court gave the general affirmative charge in plaintiff's behalf and added orally: "Gentlemen, should you find for the plaintiff under the affirmative charge which the court has given you, you will ascertain the amount due under the contract and then figure the interest on the amount from the due date of that sum up to now, and that will be the sum for you to write, at six per cent."

The jury returned a verdict as follows: "We, the jury, find for the plaintiff and fix its damages at $487.49 without interest."

This verdict was received by the court and the jury was discharged.

Appellant did not file a motion for a new trial, but at a later date did present a motion requesting the trial judge to order the clerk of the court to enter a judgment for the plaintiff in the minutes of said court on the verdict of the jury returned in the cause and add thereto interest as provided by law.

The motion was denied insofar as directing the clerk to compute and add the interest item as prayed. From this ruling of the lower court, appellant brings this appeal and, in the alternative, prays for a writ of mandamus.

We have encountered much difficulty in our effort to reach the correct conclusion on the question presented by this appeal and base our opinion on authoritative foundation. In our quest for judicial precedence, we have been unable to find a case in factual similarity from the appellate courts of our State, and we have discovered that the courts in other jurisdictions are not in accord on the instant inquiry.

■ There are certain principles that are basic. A verdict of the jury may be either oral or written. City of Birmingham v. Hawkins, 196 Ala. 127, 72 So. 25.

Imperfect verdicts are classified generally as: (1) Defective in form. (2) Defective in substance.

■■ If a verdict responds in substance to every material fact involved in the issues in the cause, although it may be irregular or imperfect as to form, the court may correct the imperfections either with or without the consent of the jury. If a verdict fails to respond affirmatively or by necessary implication to the framed issues, it presents the vice of being defective in substance, in which event the court is powerless to substitute the necessary amendments. The duty rests upon the court, in the latter circumstance, to refuse to receive the verdict, but should under appropriate instruction remand the jury for further deliberation to the end that necessary corrections be made in keeping with matters to be determined and the findings and conclusions of the jury relating to same. If the court should aid the verdict of the jury which is faulty as to substance, without the consent and concurrence of the jury, it would then become not the verdict of the jury, but of the court. Ewing v. Sanford, 21 Ala. 157; St. Clair v. Caldwell & Riddle, 72 Ala. 527; City of Birmingham v. Hawkins, supra; Foster v. Prince, 224 Ala. 523, 141 So. 248; Goldstein v. Leake, 138 Ala. 573, 36 So. 458; Scott v. Parker, 216 Ala. 321, 113 So. 495; Merchants' Bank & Trust Co. v. J. A. Elliott & Son, 16 Ala. App. 620, 80 So. 624.

■ We entertain the view that the verdict in question comes within the classification of being imperfect or defective in substance. The trial court having reached the conclusion that the affirmative charge was due the plaintiff, in effect there remained for the jury only the responsibility to find the principal sum due and the interest thereon. Clearly, the verdict did not respond to both issues. The jury not only failed to include the interest item, either actually or by necessary implication, but on the contrary in express language denied it.

■ It is not infrequent that juries through mistake, misunderstanding, inadvertence or for other causes, bring into court verdicts that are faulty in substance. If the error is not corrected in the manner above stated, the offended litigant must find relief by resorting to an application to the court through the medium of a motion to have the verdict set aside and a new trial ordered. Title 7, Sec. 276, Code 1940; Lee v. Campbell's Heirs, 4 Port. 198; Sewall v. Glidden, 1 Ala. 52; Clay v. State, 43 Ala. 350; Alexander v. Wheeler, 69 Ala. 332.

■ We are not unmindful of the fact that our courts are committed to the practice that a plaintiff who has received a verdict which in the opinion of the court is excessive in amount may make a remittitur and thereby avoid a new trial. Ex parte

150

Steverson, 177 Ala. 384, 58 So. 992; Title 7, Sec. 811, Code 1940.

Neither have we overlooked the holding by our Supreme Court in Kraas v. American Bakeries Co. et al., 231 Ala. 278, 164 So. 565.

■ The application of the principle of a remittitur or "additur" is based on the privilege of consent to the reduction or addition. In the absence of an agreement by the plaintiff in case of a remittitur and the defendant in case of additur, the court is not permitted to force the alteration of the amount found by the verdict of the jury, but in which event may grant a motion for new trial. Should relief be first sought from the appellate courts on appeal under the provisions of Title 7, Sec. 811, supra, the question will not be determined unless the matter was first presented in the lower court by a motion for new trial. Coca Cola Bottling Co. v. Barksdale, 17 Ala.App. 606, 88 So. 36.

In the case of Jean v. Sandiford, 39 Ala. 317, the verdict of the jury itemized $100 principal debt and $19.32 interest. The Supreme Court held that the lower court fell into error in awarding a judgment including interest when none was due. Such errors, the court observed, are in their nature clerical and do not furnish ground for reversal but are subject to be corrected without remanding the cause.

It is urged that the case of Collins v. Carter, 155 Miss. 600, 125 So. 89, 90, is an authority which supports appellant's position. As we observed hereinabove, there is a conflict in other jurisdictions on the instant question. Interest was added by the court to the verdict in the Collins case. However, the verdict was silent as to the interest item, and in treating the matter the Supreme Court observed: "Of course, in all cases the amendment must be such as to make the judgment conform to the real intent of the jury."

In 33 C.J., Sec. 110, p. 1177, in pertinent part, we find: "If plaintiff is entitled to interest on his claim or demand, it must be found by the jury and included in their verdict; if the jury do not allow interest in their verdict, the court cannot allow it, and it is error to give judgment for interest in addition to the amount of the verdict."

The case of Meffert v. Lawson, 315 Mo. 1091, 287 S.W. 610, 612, was based on an action on three promissory notes which bore interest at the rate of six per cent. The jury awarded the plaintiff a verdict for the principals of the notes but failed to include the interest. The verdict was silent as to this item. The appellate court held that no power was vested in the lower court to add interest to the judgment since the right of a court to amend a verdict was limited to matters of form or clerical errors and never to matters of substance. In the opinion, the court made these observations: "A verdict is born of the triers of facts. * * * The right of a court to amend a verdict after the discharge of the jury is limited to matters of form or clerical errors clearly made manifest by the record, but never to matters of substance required to be passed on by the jury, which, in their nature, are essential to the determination of the case and subject to dispute. * * * The verdict upon which a judgment is entered must be that returned by the jury and be the resultant amount of their deliberations and not that ascertained by a court's calculation. A court cannot, in a case of this character, say that 'as it ought to be the verdict, it must be' * * *."

See also: Butte Electric Ry. Co. v. Mathews et al, 34 Mont. 487, 87 P. 460; McCrary v. Gano, 115 Ga. 295, 41 S.E. 580; Hallberg v. Brosseau, 64 Ill.App. 520; Southern Kan. Ry. Co. et al. v. Showalter, 57 Kan. 681, 47 P. 831; Fidelity & Casualty Co. of New York v. Huse & Carleton, Inc., 272 Mass. 448, 172 N.E. 590, 72 A.L.R. 1143; Minot v. City of Boston, 201 Mass. 10, 86 N.E. 783, 25 L.R.A.,N.S., 311; Shoup v. Waits et al., 91 Fla. 378, 107 So. 769; Cary & Co. v. Hyer, 91 Fla. 322, 107 So. 684; Isbell-Porter Co. v. Braker, 120 App. Div. 384, 105 N.Y.S. 1103.

It would prolong this opinion to undue length to continue an analysis of the cases from other jurisdictions bearing on the matter at hand. We are frank to state that we have read some cases that afford ample authority for appellant's contentions.

■ We agree that prompt and unhampered adjudication of the rights of parties litigant should be encouraged and not hindered by our courts. In the accomplishment of this aim, however, the courts should move with care and caution to preserve inviolate the functions and powers of juries which are committed to them under our system of laws.

We are convinced, after a diligent consideration of the case, that the judgment of the lower court is due to be affirmed. It is so ordered.

Affirmed.