306 So.2d 233

**Cherry Ann McCORMICK**

v.

**ALABAMA POWER COMPANY.**

SC 755.

Supreme Court of Alabama.

Jan. 9, 1975.

Balch, Bingham, Baker, Hawthorne, Williams & Ward, James O. Spencer, Jr., Birmingham, and J. B. Blackburn, Bay Minette, for appellee.

BLOODWORTH, Justice.

The appellant (plaintiff below), Cherry Ann McCormick, obtained a jury verdict for $30,000.00 in the Circuit Court of Baldwin County against appellee (defendant below), Alabama Power Company. Judgment was entered in accordance with the verdict. The defendant Alabama Power Company then moved for judgment notwithstanding the verdict or in the alternative for a new trial, alleging, inter alia, that the amount of the verdict was excessive and unjust. After a hearing thereon, the trial judge entered the following order:

"MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT OR, IN THE ALTERNATIVE, FOR A NEW TRIAL, GRANTED

"2/20/74: On this day came the parties and submitted to the Court the Defendant's Motion for Judgment Notwithstanding the Verdict, filed in this cause on the 12th day of February, 1974, and the Court having heard the argument of counsel on said motion, and considered and understood the same, is of the opinion that the same is well taken and that the Judgment be and is hereby rendered by the Court for the Plaintiff and against the Defendant for $17,500.00." (Emphasis supplied.)

Cunningham, Bounds & Byrd, Mobile, for appellant.

[For the facts of this derivative suit, see Alabama Power Company v. Taylor (1975), 293 Ala. 484, 306 So.2d 236.]

█ The sole issue dispositive of this appeal is whether, absent the consent of the plaintiff, the trial judge possessed the power to enter a judgment for an amount less than that awarded by the jury. We think not and reverse and remand this cause.

Appellant McCormick contends that the order of the trial judge is contrary to the provisions of Rule 59(f), A.R.C.P., which provides:

"The Court may, on motion for new trial, require a remittitur as a *condition* to the overruling of the motion for new trial; * * *" [Emphasis supplied.]

and, that a "forced remittitur is violative of a plaintiff's right to trial by jury."

Appellee Alabama Power Company appears to argue that, under Rule 59(f), A.R.C.P., and the more modern view taken by the federal courts, a plaintiff's consent is not a condition precedent to the entry of a remittitur inasmuch as, contrary to former procedure, a plaintiff can now appeal a remittitur even if he accepts the same.

We cannot agree with appellee. In cases decided before the adoption of the new rules of civil procedure, this Court, as well as the then Court of Appeals, has held:

" * * * We know of *no authority* in law which permits a trial court *to direct a remittitur of damages against the will of the party recovering the same.* Therefore the order of Judge Snyder, directing the plaintiff to enter a remittitur of damages in the sum of $500 against the objection and exception of plaintiff, was unauthorized and void." London & Scottish Assur. Corporation v. Smith, 229 Ala. 556, 158 So. 892 (1935). [Emphasis supplied.]

"The application of the principal of a remittitur or 'additur' is based on the *privilege of consent* to the reduction or addition. In the absence of an agreement by the plaintiff in case of a remittitur and the defendant in case of additur, *the court is not permitted to force the alteration* of the amount found by the verdict of the jury, but in which event may grant a motion for new trial. * * *" ₁W. T. Rawleigh Co. v. Hannon, 32 Ala.App. 147, 22 So.2d 603 (1945). [Emphasis supplied.]

The federal decisions construing Rule 59, F.R.Civ.P., reach the same conclusion. These decisions may be summarized as follows:

"Where the amount of the damages are at large and the plaintiff refuses to remit, the court may not decrease the amount of the verdict itself and order judgment entered for the lesser amount, as this violates the Seventh Amendment's prohibition against a reexamination of the facts. * * *" 6A Moore's Federal Practice, § 59.05 [3].

"There is, nevertheless, a practice, now sanctioned by long usage, by which the court may condition a denial of the motion for a new trial upon the filing by the plaintiff of a remittitur in a stated amount. In this way the plaintiff is given the option of either submitting to a new trial or of accepting the amount of damages that the court considers justified. This practice goes back to the opinion of Justice Story sitting at circuit in 1822 in Blunt v. Little. A number of Supreme Court decisions accepted Justice Story's view uncritically and the power of the court to set a remittitur has been uniformly accepted by the lower federal courts." [Footnotes omitted.] 11 Wright & Miller, Federal Practice and Procedure: Civil, § 2815, p. 100.

█ It may be noted that Rule 59(f) "Remittitur," A.R.C.P. is not found in Rule 59, F.R.C.P. Lyons, Alabama Practice, Rules of Civil Procedure Annotated, § 59.6. Although no reason is given in the "Committee Comments" as to why subsection (f) was added to Rule 59, it would appear that

it was to clearly establish the rule that acceptance of a remittitur does not prejudice the plaintiff's raising, on appeal by defendant, the right to have the original verdict reinstated in the full amount, in contradistinction to the former Alabama case law.

"Under prior Alabama law, the verdict-winner who agreed to a remittitur in an effort to stave off a new trial could not urge affirmance of the original verdict if the defendant appealed after plaintiff's acceptance of a remittitur. Tennessee Valley Sand & Gravel Co. v. Pilling, 35 Ala.App. 237, 47 So.2d 236 (1950), cert. den. 254 Ala. 14, 47 So.2d 245 (1950). Rule 59(f) repudiates this view and allows the verdict winner, as appellee, to press for reinstatement of the verdict in its full amount after having accepted a remittitur." Lyons, Alabama Practice, Rules of Civil Procedure Annotated, § 59.3.

It is thus we conclude that, under our Rule 59(f), a remittitur gives the plaintiff a choice. He can accept the remittitur or he can refuse to accept the remittitur and suffer a new trial. If he accepts the remittitur, and defendant appeals, he is not prejudiced in his right to raise the issue that the verdict should be reinstated in the full amount. Rule 59(f), A.R.C.P.; see also Wright & Miller, Federal Practice and Procedure: Civil, § 2815, p. 105. However, the trial judge cannot enter a judgment for an amount less than that awarded by the jury, absent consent of plaintiff by way of remittitur under Rule 59(f), in light of the issues and evidence here.[1]

The judgment of the trial court is reversed and remanded for entry of a judgment on motion for new trial in conformity with this opinion.

Reversed and remanded.

HEFLIN, C. J., and MERRILL, COLEMAN, HARWOOD, MADDOX, FAULKNER and JONES, JJ., concur.

---

1. See 11 Wright & Miller, Federal Practice and Procedure: Civil, § 2815, p. 99.