This is an appeal and cross-appeal from a judgment for the buyers in a breach of contract and breach of express warranty action. We reverse and remand.
The Hogans agreed in writing to buy a lot and a house to be constructed on that lot like one they had seen elsewhere. The purchase price was $37,500 and the agreement was signed by Kenneth R. Morrow, the secretary of B M Homes, Inc. While the house was being constructed, the Hogans noticed a crack in the slab and told Morrow who said they should not worry about it. Later the Hogans also found and notified him of other discrepancies and non-conformities with the plans.
On January 21, 1974, the Hogans were given a deed and, at closing, a warranty of completion of construction in substantial conformity with approved plans and specifications.
Failing to obtain correction of the defects, the Hogans brought suit on January 24, 1975, in the Circuit Court of Mobile County against Morrow and B M Homes, Inc., alleging breach of contract and breach of express warranty. The jury returned a verdict for the Hogans against both of the defendants for $75,000 which the court reduced to $50,000. Both Morrow and B M Homes, Inc. appeal from the verdict and the Hogans cross-appeal from the court's order reducing the judgment.
The dispositive issue is whether the trial court committed reversible error in granting defendants' motion to reduce the *Page 1332 
judgment. We hold that it was reversible error and, therefore, reverse and remand.
The Hogans, on cross-appeal, claim that the trial court's reduction of the judgment from $75,000 to $50,000 was contrary to Rule 59 (f) of the Alabama Rules of Civil Procedure. Rule 59 (f) of the Alabama Rules of Civil Procedure states as follows:
 "The court may, on motion for new trial, require a remittitur as a condition to the overruling of the motion for new trial; and, the acceptance of such remittitur by the plaintiff shall not prejudice his right to raise, on appeal by the defendant, his right to have the verdict reinstated in its full amount."
Contrary to the spirit and intention of Rule 59 (f), the Hogans were not afforded an opportunity to choose a remittitur or a new trial. See 11 Wright Miller, Federal Practice andProcedure: Civil § 2815 (1973); 6A Moore's Federal Practice ¶ 59.05 [3] (2d ed.). Instead, the trial court denied defendants' motions for new trial and then remitted the damages as assessed by the jury, without the Hogans' consent.
The law is clear in Alabama that the trial court cannot direct a remittitur of damages against the plaintiff's will; such an order is void. London Scottish Assur. Corp. v. Smith,229 Ala. 556, 158 So. 892 (1935); W.T. Rawleigh Co. v. Hannon,32 Ala. App. 147, 22 So.2d 603 (1945); McCormick v. Ala. PowerCo., 293 Ala. 481, 306 So.2d 233 (1975); Holcombe v. Whitaker,294 Ala. 430, 318 So.2d 289 (1975). To arbitrarily reduce the amount of damages deprives the plaintiff of his constitutional right to a jury. Wright Miller, supra.
Since we reverse and remand, we need not address any other issues raised at this time.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, SHORES and BEATTY, JJ., concur.