**UNITED STATES of America, Plaintiff,**

v.

**Gary D. FINCH, et al., Defendant.**

**Civil Action No. 05–0169–CB–M.**

United States District Court,
S.D. Alabama,
Southern Division.

Sept. 25, 2006.

## ORDER

BUTLER, Senior District Judge.

This matter is before the Court on a motion to amend the answer filed by defendant Gary Finch. (Doc. 24) The government objects to the extent that the amended answer contains a demand for jury trial. (Doc. 35.) According to the government, the defendant has waived the right to a trial by jury by failing to make a timely demand. In response, defendant argues that jury demand is timely because a new issue is asserted in the proposed amended answer—defendant's affirmative defense that he is entitled to a set-off. As discussed more fully below, the Court finds that the motion for leave to amend is due to be granted, but defendant is

not entitled to a trial by jury as to any of the issues raised.

## Facts

The United States of America filed this action on March 20, 2006, "to reduce the unpaid federal tax liabilities assessed against Defendant Gary D. Finch to judgment, to foreclose federal tax liens, and to secure the sale of real property." (Compl., Doc. 1, at ¶ 1.) On April 12, 2006, Finch filed his answer denying, generally, the allegations asserted in the complaint and asserting two affirmative defenses.[1] No demand for jury trial was asserted until May 30, 2006 when Finch filed his motion for leave to amend. In his proposed amended answer, Finch has added a demand for jury trial along with three affirmative defenses: (1) that he is entitled to a set-off for payments previously made to the plaintiff, (2) that he is entitled to a set-off for tax refunds seized by the plaintiff and applied to the tax liability at issue; and (3) that he is entitled to a set-off for any settlements paid by any other party in this action in payment of the claims asserted by the plaintiff.

## Issue Presented

The United States argues that Finch waived his right to a trial by jury because he failed to assert that right within ten days of the last pleading addressed to the issue for which he seeks a jury trial. According to the United States, the issue is Finch's tax liability. Finch does not dispute that, with respect to the original complaint and answer, the time limit for filing a jury demand had expired. However, he argues that the amended complaint raises a new issue—his right to a setoff—which restarts the clock for filing a jury demand.

## Discussion

 Rule 38(b) says that a party "may demand a trial by jury of any issue triable of right by a jury by [making a written demand] not later than 10 days after the service of the last pleading directed to such issue." If no timely jury demand was asserted but an amended pleading is filed raising new issues, then a demand may be made within ten days of the last pleading directed

1. The first affirmative defenses was based on the statute of limitations, and the second affirmative defense was a denial of the validity and amounts of the tax liens previously filed by the plaintiff.

to those issues; however, the demand is effective only for the new issues and not as to the issues raised in the original pleadings. 9 C. Wright & A. Miller, Federal Practice and Procedure, § 2320 (2nd ed.1995). The question here is whether the setoff defenses asserted in the proposed amended answer raise new issues. The government argues that the setoff defenses merely clarify Finch's original answer disputing the validity and amount of the tax assessments. Finch argues in response that the government's argument does not take into account the true nature of a setoff.

While Finch is correct that a setoff is, by definition, separate from the original claim, the purported setoffs asserted in Finch's amended answer are not true setoffs. "At common law, a setoff, as distinguished from a recoupment or counterclaim, arose from different transactions, or occurrences, between the same parties. It was often asserted to reduce or extinguish the creditor's claim against the debtor." *In re Concept Clubs, Inc.* 154 B.R. 581, 586 (D.Utah,1993) (citing Lawrence P. King, 4 *Collier on Bankruptcy* ¶ 553.03, at 553–14 (15th ed.1993)). According to Black's, a setoff is a type of counterclaim that "aris[es] out of a transaction *extrinsic* of plaintiff's cause of action." Black's Law Dictionary at 1230 (5th ed.1979) (emphasis added). "The right of setoff ... allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding 'the absurdity of making A pay B when B owes A.'" *Citizens Bank of Maryland v. Strumpf,* 516 U.S. 16, 18, 116 S.Ct. 286, 133 L.Ed.2d 258 (1995) (internal quotation omitted). Herein lies Finch's problem—there are no mutual debts or extrinsic transactions. The United States alleges that Finch owes it money for unpaid taxes. In his amended answer, Finch asserts three affirmative defenses, which he labels as setoffs. He claims that he is entitled to a setoff or credit (1) "for any payments made by him previously to the plaintiff," (2) "for any tax refunds seized by the plaintiff and applied to [defendant's] tax liability," and (3) "for any settlement amounts paid by any other party to this action in payment of any [of plaintiff's] claims." (Doc. 24, Att.1.) In other words, Finch asserts that the amount owed is less than the full amount because of other payments made to reduce the debt Finch allegedly owes. Prior payments, seized refunds and settlement amounts paid are not extrinsic transactions, nor are they separate debts that the United States owes to Finch. They are allegations which, if proved, will demonstrate that Finch's tax liability is less than the United States seeks to recover. The amount of tax liability is an issue raised in the complaint and disputed in the original answer. In the proposed amended answer, defendant has delineated reasons that his liability may be less than asserted and labeled those reasons "setoffs".

**Conclusion**

By failing to assert a timely jury demand, defendant Gary Finch waived his right to trial by jury as to all issues raised in the complaint and original answer. The proposed amended answer does not assert any issues that were not raised in the initial pleadings. Whether a true setoff defense would raise new issues for purposes of asserting the right to trial by jury is an academic question. In this case, defendant's purported setoff defenses do nothing more than clarify his original answer disputing the amount of his tax liability. Therefore, defendant's motion for leave to amend the answer is **GRANTED,** but the demand for jury trial asserted in the amended answer is **STRICKEN.**

**DONE** and **ORDERED.**