SMITH, Justice.
 

 Hilb, Rogal & Hamilton Company, Hilb, Rogal & Hamilton of Alabama, Inc., and BDF-Meadows, Inc. (collectively referred to as “the HRH corporations”), appeal from the trial court’s order remitting the
 
 *558
 
 damages awarded to Werner Beiersdoer-fer and against the HRH corporations. Beiersdoerfer cross-appeals from that same order. We reverse and remand.
 

 Facts and Procedural History
 

 This is the third time this case has been before this Court.
 
 See Beiersdoerfer v. Hilb, Rogal & Hamilton Co.,
 
 953 So.2d 1196 (Ala.2006)
 
 (“Beiersdoerfer I”); Hilb, Rogal & Hamilton Co. v. Beiersdoerfer,
 
 989 So.2d 1045 (Ala.2007)
 
 (“Beiersdoerfer II”).
 
 The underlying facts are stated in
 
 Beiersdoerfer I,
 
 953 So.2d at 1199-1204, and are not repeated here.
 

 In
 
 Beiersdoerfer I,
 
 this Court affirmed the trial court’s judgment in part, reversed it in part, and remanded the cause for additional proceedings. 953 So.2d at 1210. On remand, the trial court held that it did not have jurisdiction to review the HRH corporations’ motion for a remittitur of the $1.25 million verdict in favor of Beiers-doerfer, and the HRH corporations appealed.
 
 Beiersdoerfer II,
 
 989 So.2d at 1052-54. In
 
 Beiersdoerfer II,
 
 we held that “[t]he trial court had jurisdiction to consider the HRH corporations’ motion for a remittitur upon our remand of the case in
 
 Beiersdoerfer
 
 989 So.2d at 1058. We reversed the trial court’s order denying the motion for a remittitur and remanded the cause for the trial court to determine “whether the damages awarded for mental anguish were excessive, and whether the HRH corporations are due a setoff for a percentage of the commissions earned by Beiersdoerfer pursuant to the contract the jury found to be in existence and enforceable.” 989 So.2d at 1058.
 

 On remand from
 
 Beiersdoerfer II,
 
 the trial court ordered a remittitur of the compensatory damages awarded to Beiers-doerfer from $1.25 million to $900,000. The trial court also held that the HRH corporations were entitled to a setoff of 60% of the $63,000 that Beiersdoerfer apparently had earned in commissions under the contract he had with the HRH corporations. The HRH corporations appeal from the trial comb’s order, and Beiers-doerfer cross-appeals.
 

 Discussion
 

 The HRH corporations argue that the remittitur was inadequate; conversely, Beiersdoerfer argues that no remittitur was warranted and that the HRH corporations were not entitled to a setoff. Although the parties strongly contest those issues,
 
 they both agree that the trial court’s order must be reversed
 
 because it did not give Beiersdoerfer the option of electing a new trial in lieu of the remitti-tur.
 

 Rule 59(f), Ala. R. Civ. P., states:
 

 “The court may, on motion for new trial, require a remittitur as a condition to the overruling of the motion for new trial; and, the acceptance of such remittitur by the plaintiff shall not, on appeal by the defendant, prejudice the plaintiffs right to seek reinstatement of the verdict in its full amount.”
 

 In
 
 B & M Homes, Inc. v. Hogan,
 
 347 So.2d 1331, 1331-32 (Ala.1977), this Court held that the trial court committed reversible error in granting the defendants’ motion for a remittitur without giving the plaintiffs an opportunity to choose a new trial in lieu of the remittitur. 347 So.2d at 1332. This Court stated:
 

 “The law is clear in Alabama that the trial court cannot direct a remittitur of damages against the plaintiffs will; such an order is void.
 
 London & Scottish Assur. Corp. v. Smith,
 
 229 Ala. 556, 158 So. 892 (1935);
 
 W.T. Rawleigh Co. v. Hannon,
 
 32 Ala.App. 147, 22 So.2d 603 (1945);
 
 McCormick v. Ala. Power Co.,
 
 293 Ala. 481, 306 So.2d 233 (1975);
 
 Holcombe v. Whitaker,
 
 294 Ala. 430, 318 So.2d 289 (1975). To arbitrarily reduce
 
 *559
 
 the amount of damages deprives the plaintiff of his constitutional right to a jury. [11] Wright & Miller,
 
 [Federal Practice and Procedure: Civil
 
 § 2815 (1973) ].”
 

 347 So.2d at 1332.
 

 Addressing the same issue in
 
 McCormick v. Alabama Power Co.,
 
 293 Ala. 481, 306 So.2d 233 (1975), this Court stated:
 

 “In cases decided before the adoption of the new rules of civil procedure, this Court, as well as the then Court of Appeals, has held:
 

 “ ‘... We know of
 
 no authority
 
 in law which permits a trial court
 
 to direct a remittitur of damages against the will of the party recovering the same.
 
 Therefore the order of Judge Snyder, directing the plaintiff to enter a remittitur of damages in the sum of $500 against the objection and exception of plaintiff, was unauthorized and void.’
 
 London & Scottish Assur. Corporation v. Smith,
 
 229 Ala. 556, 158 So. 892 (1935). (Emphasis supplied [in McCormick].)
 

 “ ‘The application of the principal of a remittitur or “additur” is based on the
 
 privilege of consent
 
 to the reduction or addition. In the absence of an agreement by the plaintiff in case of a remittitur and the defendant in case of additur,
 
 the court is not permitted to force the alteration
 
 of the amount found by the verdict of the jury, but in which event may grant a motion for new trial....’
 
 W.T. Rawleigh Co. v. Hannon,
 
 32 Ala.App. 147, 22 So.2d 603 (1945). (Emphasis supplied [in
 
 McCormick
 
 ].)
 

 “The federal decisions construing Rule 59, F[ed]. R. Civ. P., reach the same conclusion. These decisions may be summarized as follows:
 

 “ ‘Where the amount of the damages are at large and the plaintiff refuses to remit, the court may not decrease the amount of the verdict itself and order judgment entered for the lesser amount, as this violates the Seventh Amendment’s prohibition against a reexamination of the facts-’ 6A Moore’s Federal Practice, § 59.05(3).
 

 “ ‘There is, nevertheless, a practice, now sanctioned by long usage, by which the court may condition a denial of the motion for a new trial upon the filing by the plaintiff of a remittitur in a stated amount. In this way the plaintiff is given the option of either submitting to a new trial or of accepting the amount of damages that the court considers justified. This practice goes back to the opinion of Justice Story sitting at circuit in 1822 in
 
 Blunt v. Little
 
 [3 F. Cas. 760, 761-62 (C.C.Mass.1822) ]. A number of Supreme Court decisions accepted Justice Story’s view uncritically and the power of the court to set a remittitur has been uniformly accepted by the lower federal courts.’ (Footnotes omitted [in
 
 McCormick
 
 ].) 11 Wright & Miller, Federal Practice and Procedure: Civil, § 2815, p, 100.
 

 “... Although no reason is given in the ‘Committee Comments’ as to why subsection (f) was added to Rule 59, it would appear that it was to clearly establish the rule that acceptance of a remittitur does not prejudice the plaintiffs raising, on appeal by defendant, the right to have the original verdict reinstated in the full amount, in contradistinction to the former Alabama case law.
 

 “ ‘Under prior Alabama law, the verdict-winner who agreed to a remit-titur in an effort to stave off a new trial could not urge affirmance of the original verdict if the defendant ap
 
 *560
 
 pealed after plaintiffs acceptance of a remittitur.
 
 Tennessee Valley Sand & Gravel Co. v. Pilling,
 
 35 Ala.App. 237, 47 So.2d 236 (1950), cert. den. 254 Ala. 10, 47 So.2d 245 (1950). Rule 59(f) repudiates this view and allows the verdict winner, as appellee, to press for reinstatement of the verdict in its full amount after having accepted a remittitur.’ Lyons, Alabama Practice, Rules of Civil Procedure Annotated, § 59.3.
 

 “It is thus we conclude that, under our Rule 59(f), a remittitur gives the plaintiff a choice. He can accept the remittitur or he can refuse to accept the remittitur and suffer a new trial. If he accepts the remittitur, and defendant appeals, he is not prejudiced in his right to raise the issue that the verdict should be reinstated in the full amount.... However, the trial judge cannot enter a judgment for an amount less than that awarded by the jury, absent consent of plaintiff by way of remittitur under Rule 59(f), in light of the issues and evidence here.”
 

 293 Ala. at 483-84, 306 So.2d at 235-36.
 

 Because the trial court in the present case did not give Beiersdoerfer the option of electing to have a new trial in lieu of the remittitur, the trial court’s order is due to be reversed.
 
 [1]
 

 B & M Homes, supra.
 

 Conclusion
 

 The trial court’s order is reversed, and the causé is remanded.
 

 1071395 — REVERSED AND REMANDED.
 

 1071396 — REVERSED AND REMANDED.
 

 COBB, C.J., and LYONS, WOODALL, STUART, BOLIN, PARKER, MURDOCK, and SHAW, JJ., concur.
 

 [1]
 

 . As noted, the parties agree that the trial court's order must be reversed. However, the HRH corporations suggest that we retain jurisdiction over these appeals while the cause is on remand to the trial court. The HRH corporations state that if the trial court gives Beiersdoerfer the option of electing a new trial and Beiersdoerfer takes that option, these appeals may then be dismissed as moot. However, if Beiersdoerfer were to elect not to accept the option of a new trial, then, the HRH corporations contend, we could address the remaining issues presented in these appeals regarding the trial court’s order.
 

 The HRH corporations have not cited any authority to support their assertion that we should retain jurisdiction over these appeals pending further proceedings in the trial court, and we are not aware of any such authority.