SMITH, Justice.
 

 Werner Beiersdoerfer appeals from a judgment of the trial court holding that Hilb, Rogal and Hamilton Company (“HRH”); Hilb, Rogal and Hamilton of Alabama, Inc.; and BDF-Meadows, Inc. (hereinafter collectively referred to as “the HRH corporations”), are entitled to a “set-off’ against the $900,000 Beiersdoerfer was awarded as compensatory damages for his claims against the HRH corporations. We reverse and remand.
 

 Facts and Procedural History
 

 This is the fourth time this ease has been before this Court.
 
 See Beiersdoerfer v. Hilb, Rogal & Hamilton Co.,
 
 953 So.2d 1196 (Ala.2006)
 
 (“Beiersdoerfer I”); Hilb, Rogal & Hamilton Co. v. Beiersdoerfer,
 
 989 So.2d 1045 (Ala.2007)
 
 (“Beiersdoerfer II”);
 
 and
 
 Hilb, Rogal & Hamilton Co. v. Beiersdoerfer,
 
 33 So.3d 557 (Ala.2009)
 
 (“Beiersdoerfer III”).
 
 The underlying facts are stated in
 
 Beiersdoerfer I,
 
 953 So.2d at 1199-1204, and are not repeated here. The procedural history was summarized in
 
 Beiersdoerfer III:
 

 “In
 
 Beiersdoerfer I,
 
 this Court affirmed the trial court’s judgment in part, reversed it in part, and remanded the cause for additional proceedings. 953 So.2d at 1210. On remand, the trial court held that it did not have jurisdiction to review the HRH corporations’ motion for a remittitur of the $1.25 million verdict in favor of Beiersdoerfer,
 
 *907
 
 and the HRH corporations appealed.
 
 Beiersdoerfer II,
 
 989 So.2d at 1052-54. In
 
 Beiersdoerfer II,
 
 we held that ‘[t]he trial court had jurisdiction to consider the HRH corporations’ motion for a re-mittitur upon our remand of the case in
 
 Beiersdoerfer I.’
 
 989 So.2d at 1058. We reversed the trial court’s order denying the motion for a remittitur and remanded the cause for the trial court to determine ‘whether the damages awarded for mental anguish were excessive, and whether the HRH corporations are due a setoff for a percentage of the commissions earned by Beiersdoerfer pursuant to the contract the jury found to be in existence and enforceable.’ 989 So.2d at 1058.
 

 “On remand from
 
 Beiersdoerfer II,
 
 the trial court ordered a remittitur of the compensatory damages awarded to Beiersdoerfer from $1.25 million to $900,000. The trial court also held that the HRH corporations were entitled to a setoff of 60% of the $63,000 that Beiers-doerfer apparently had earned in commissions under the contract he had with the HRH corporations.”
 

 Beiersdoerfer III,
 
 33 So.3d at 558.
 

 In
 
 Beiersdoerfer III,
 
 we held that the trial court’s order did not comply with Rule 59(f), Ala. R. Civ. P., because it directed a remittitur of damages but did not give Beiersdoerfer an opportunity to choose a new trial in lieu of accepting the remittitur. 33 So.3d at 558-60. Therefore, we reversed the trial court’s order and remanded the cause to the trial court. 33 So.3d at 560.
 

 On remand, the trial court entered a new order; the new order incorporated the substance of the earlier order that had been the subject of this Court’s reversal in
 
 Beiersdoerfer III.
 
 Specifically, the trial court (1) ordered a remittitur of Beiers-doerfer’s compensatory-damages award from $1.25 million to $900,000 and (2) ordered that, in the event Beiersdoerfer accepted the remittitur, the HRH corporations were entitled to a “setoff’ against the compensatory-damages award. In compliance with this Court’s mandate in
 
 Beiers-doerfer III,
 
 the trial court’s order gave Beiersdoerfer the opportunity to choose a new trial in lieu of accepting the remitti-tur.
 

 On January 15, 2010, Beiersdoerfer accepted the trial court’s remittitur of his compensatory-damages award from $1.25 million to $900,000. Beiersdoerfer appealed to this Court, however, that portion of the trial court’s judgment holding that the HRH corporations are entitled to a “set-off’ against his compensatory-damages award.
 

 Discussion
 

 As detailed in
 
 Beiersdoerfer I,
 
 Beiers-doerfer alleged that the HRH corporations agreed that Beiersdoerfer would leave his employment with HRH and become an independent broker who would service the accounts assigned to him.
 
 See
 
 953 So.2d at 1201. Under the terms of that agreement, Beiersdoerfer was to receive 40% of the commissions from those accounts, and HRH was to receive 60%.
 
 Id.
 
 Before the HRH corporations filed the underlying action, Beiersdoerfer opened an investment account and began depositing into that account commission checks he received for servicing the accounts assigned to him. The investment account accumulated approximately $63,000 plus interest.
 

 During its deliberations, the jury asked the trial court whether the jury could “suggest or award the $63,000 to [the HRH corporations] that Beiersdoerfer has in the [investment account] outside of any other award be it plaintiff or defense.” The trial court answered the question in the following manner:
 

 “I can’t answer it specifically because— other than to say this: I don’t know of
 
 *908
 
 any way that you can just award this money that you’re asking the question about to [the HRH corporations]. You remember you have these verdict forms that I discussed with you. One is, in effect, a verdict in favor of [the HRH corporations] and sets a certain amount. And the other is basically a verdict form in favor of Mr. Beiersdoerfer. And the third is a verdict form in favor of neither in which case you make an award to neither.
 

 “Now, if you award in either of the first two; that is, to [the HRH corporations] or to Mr. Beiersdoerfer, obviously, those are general verdict forms. And you can award such amount as you, in your discretion, determine to be the correct amount. As I said, in your discretion. If you find as to the third verdict form, that is, the verdict in favor of neither party in which neither party is awarded anything against the other, I don’t think that you can address — then award [the investment] account funds. I don’t think you’ll address that at all in your verdict forms.
 

 “You just have to consider in your deliberations in arriving at an amount, in the event that you find in favor of either of these parties, such amount as you, in your discretion, deem appropriate based upon the evidence as you’ve heard it. I don’t know if that helps you any or not, but that’s the only answer I can give you.
 

 [[Image here]]
 

 “THE COURT: All right. [Counsel for the HRH corporations], do you want [to] put anything on the record in response to my instructions to the jury?
 

 “[COUNSEL FOR THE HRH CORPORATIONS]: No, Your Honor.”
 

 The jury continued its deliberations and returned a general verdict against the HRH corporations on Beiersdoerfer’s breach-of-contract and fraud counterclaims and awarded compensatory damages in the amount of $250,000 for breach of contract and $1,000,000 for fraud.
 
 [1]
 

 After this Court reversed the judgment and remanded the action in
 
 Beiersdoerfer 1,
 

 “the HRH corporations filed a motion requesting a ruling on their 2002 motion for a remittitur and also filed a new motion for a remittitur based on the same grounds as the 2002 motion, i.e., that the damages award for mental anguish was excessive and
 
 that they were entitled to a setoff for a percentage of the sales commissions that had been paid to Beiersdoerfer pursuant to the contract that was the basis of this action.”
 

 Beiersdoerfer II,
 
 989 So.2d at 1052 (emphasis added). After this Court’s decision in
 
 Beiersdoerfer III,
 
 the trial court, as noted above, ordered that, in the event Beiersdoerfer accepted the remittitur of his compensatory-damages award from $1.25 million to $900,000 the HRH corporations were entitled to a “setoff’ of 60% of the $63,000 in the investment account ($87,800) plus 60% of the interest that had accrued on that account.
 

 Beiersdoerfer contends that the trial court erred in ordering the “setoff.”
 
 [2]
 
 We
 
 *909
 
 agree. The trial court’s order of a “setoff’ is due to be reversed because it represents a purported adjudication of a claim never filed by the HRH corporations until their postjudgment motion. Indeed, any interest the HRH corporations claimed to the money in the investment account arose from the same “transaction or occurrence” that was the basis of Beiersdoerfer’s claim to the money in the investment account; thus, the HRH corporations’ claim to the money in the investment account was a compulsory counterclaim.
 
 [3]
 

 See
 
 Rule 13(a), Ala. R. Civ. P.;
 
 Little Narrows, LLC v. Scott,
 
 1 So.3d 973, 979 (Ala.2008). Because the HRH corporations waited until their postjudgment motion to assert that they were entitled to 60% of the $63,000 in the investment account, the HRH corporations waived their right to assert the claim.
 
 See Scott,
 
 1 So.3d at 979 (“Rule 13(a)[, Ala. R. Civ. P.,] requires a person against whom a claim has been asserted to state as a counterclaim any potential claims he or she has against ‘any opposing party
 
 [1]
 
 if those claims arise out of the same transaction or occurrence that is the subject matter of the original claim. The failure to do so results in the waiver of those potential claims.”). The trial court therefore erred in holding that the HRH corporations were entitled to a portion of the money in the investment account.
 

 Conclusion
 

 Insofar as it held that the HRH corporations were entitled to a portion of the money in the investment account, the trial court’s judgment is reversed. The remaining aspects of the trial court’s judgment are not challenged in this appeal; therefore those portions of the judgment are not affected by our decision. The cause is remanded for further proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 

 COBB, C.J., and LYONS, WOODALL, STUART, BOLIN, PARKER, and SHAW, JJ., concur.
 

 [1]
 

 . The HRH corporations had sued Beiers-doerfer, alleging breach of contract, breach of fiduciary duty, and tortious interference with business relations. Beiersdoerfer counterclaimed, alleging breach of contract, misrepresentation, suppression, defamation, conspiracy, and invasion of privacy. Only Beiersdoerfer's breach-of-contract and fraud claims went to the jury; the remaining claims and counterclaims were resolved in motions for a judgment as a matter of law.
 

 [2]
 

 . Beiersdoerfer’s brief is the only brief before us in this appeal; the HRH corporations did not file a brief.
 

 [3]
 

 . Although the trial court labeled the HRH corporations’ claim to the moneys in the investment account a "setoff,” the fact that the HRH corporations’ claim arose from the same transaction or occurrence forming the basis of Beiersdoerfer’s claim means that the HRH corporations’ claim to the money in the investment account was not a true setoff.
 
 See United States v. Finch,
 
 239 F.R.D. 661, 663 (S.D.Ala.2006) (" 'At common law, a setoff, as distinguished from a recoupment or counterclaim, arose from different transactions, or occurrences, between the same parties. It was often asserted to reduce or extinguish the creditor’s claim against the debtor.’
 
 In re Concept Clubs, Inc.,
 
 154 B.R. 581, 586 (D.Utah 1993) (citing Lawrence P. King, 4
 
 Collier on Bankruptcy
 
 ¶ 553.03, at 553-14 (15th'ed. 1993)). According to
 
 Black’s,
 
 a set-off is a type of counterclaim that 'arisfes] out of a transaction
 
 extrinsic
 
 of plaintiff’s cause of action.’
 
 Black’s Law Dictionary
 
 at 1230 (5th ed.1979) (emphasis added). 'The right of set-off ... allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding "the absurdity of making A pay B when B owes A.'”
 
 Citizens Bank of Maryland v. Strumpf,
 
 516 U.S. 16, 18, 116 S.Ct. 286, 133 L.Ed.2d 258 (1995) (internal quotation omitted).”).