EDWARD N. SCRUGGS, Retired Circuit Judge.
This appeal concerns a trial court’s right on its own initiative to order a remittitur, and the procedure to be followed therein.
The jury returned its verdict in favor of the plaintiff, Mr. Tinsley, for $9,000. Ex mero motu, the trial court immediately found that the verdict was excessive and was not supported by the weight of the evidence. The court then ordered that the amount of the verdict be remitted to $2,000. That judgment was amended on the following day so as to provide a judgment for the plaintiff in the amount of $2,565.95.
Rule 59(d), A.R.C.P., authorizes a trial court on its own initiative to order a new trial, within thirty days of the entry of the judgment, for any reason for which it might have granted a new trial on motion of a party, with the court being required to specify in its order its reasons for such action. In construing rule 59(d) and 59(f) together, a trial court, on that court’s own initiative, may order a remittitur as a condition to thé court’s not granting a new trial. However, in such event, the plaintiff must be given the choice either of accepting the remittitur or of suffering a new trial. In no event can the trial court enter a judgment for an amount less than that awarded by the jury unless the plaintiff consents to a remittitur under rule 59(f). McCormick v. Alabama Power Company, 293 Ala. 481, 306 So.2d 233 (1975).
Here, the order which reduced the amount awarded by the jury was entered without the plaintiff’s consent. “The law is clear in Alabama that the trial court cannot direct a remittitur of damages against the plaintiff’s will; such an order is void. . . . To arbitrarily reduce the amount of damages deprives the plaintiff of his constitutional right to a jury. . . . ” B & M Homes, Inc. v. Hogan, 347 So.2d 1331, 1332 (Ala.1977), appeal after remand, 376 So.2d 667 (Ala.1979).
Since we must reverse and remand this ease on that dispositive ground, we do not address any other issue which has been raised either by the appeal or through the defendant’s cross-appeal, for to rule upon such questions might prejudice the rights of either, or both, of the parties in further or additional proceedings or hearings in the trial court relative to whether a new trial, or other relief, should be granted or denied either with or without a remittitur, if appropriate. In many instances, such questions involve the exercise of judicial discretion, and we do not desire to influence any future discretionary decision which the trial court might be called upon to make.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
All the Judges concur.