PITTMAN, Judge.
Aimon Wilks sued Tony Goolesby, alleging conversion of personal property and seeking compensatory damages, damages for mental anguish, and punitive damages. Goolesby counterclaimed, alleging breach of a real estate sales contract, intentional interference with business relations, and trespass; he sought compensatory damages. Wilks filed a motion for summary judgment, which the trial court denied. The case proceeded to a jury trial. The jury returned a verdict for Wilks on his claim for $1,717 compensatory damages and returned a verdict for Goolesby on his counterclaim for $2,000. The trial court entered judgment on the jury verdict on November 21, 2000.
Wilks filed a posttrial motion on December 15, 2000, arguing, among other things, that the $2,000 damages verdict awarded to Goolesby was excessive. On February 13, 2001, the trial court granted Wilks’s posttrial motion, finding that the $2,000 damages verdict awarded to Goolesby was excessive. The trial court remitted the $2,000 damages verdict to $600; the trial court stated that if Goolesby did not accept the remittitur within 21 days the trial court would grant Wilks a new trial.
Goolesby did not accept the remittitur; however, instead of granting Wilks a new trial, the trial court, on April 27, 2001, granted Wilks a judgment as a matter of law as to Goolesby’s counterclaim. On May 15, 2001, Goolesby filed three motions; each requested that the trial court set aside the April 27, 2001, judgment and *715 grant him a new trial. One of the May 2001 motions was entitled “motion by defendant for new trial”; the second motion was entitled “motion by defendant to alter, amend, or vacate the judgment”; and the third motion was entitled “motion of defendant for relief from judgment, order or proceeding under Rule 60(b)[, Ala. R. Civ. P.].”
On May 30, 2001, the trial court set the hearing on the May 2001 Rule 60(b) motion, for August 14, 2001. The trial court continued the hearing to September 10, 2001, and held a hearing on that date, and on December 11, 2001, the trial court set aside the April 2001 order and reinstated its November 2000 judgment entered on the jury verdict. The court stated that it had lost jurisdiction, pursuant to Rule 59.1, Ala. R. Civ. P., to issue the April 2001 order. Goolesby appeals.
Goolesby argues that the trial court erred in its December 2001 judgment, which reinstated the November 2000 judgment it originally entered on the jury verdict. Goolesby argues that the December 2001 judgment vacates the February 2001 order as well as the April 2001 order, and that the trial court erred by vacating the February 2001 order because neither party requested that relief. Wilks contends that the trial court had jurisdiction to set aside the February 2001 order and to reinstate the November 2000 judgment because, he argues, the trial court was merely correcting errors it had made in the February 2001 order and the April 2001 order. To correct those errors, Wilks contends, the trial court reinstated the November 2000 judgment. Wilks further contends that the trial court had the authority, without either party’s moving for the relief, to correct the errors it made in the February 2001 and April 2001 orders.
We will first determine whether the trial court had the authority to enter the April 2001 order. As stated above, the trial court concluded that, under Rule 59.1, Ala. R. Civ. P., it did not have the authority to enter the April 2001 order. We conclude that the April 2001 order is void, but not because of Rule 59.1.
The trial court entered a judgment on the jury verdict on November 21, 2000. Wilks timely filed a motion for a new trial on December 15, 2000. See Rule 59, Ala. R. Civ. P. (requiring a postjudgment motion to be filed within 30 days of the judgment). The trial court granted Wilks’s postjudgment motion on February 13, 2001, which was within 90 days of December 15, 2000. As stated above, the February 2001 order remitted Goolesby’s counterclaim from $2000 to $600. The trial court further stated that if Goolesby rejected the remittitur, the trial court would grant Wilks a new trial. Goolesby rejected the remittitur on February 20, 2001. Instead of granting Wilks a new trial upon Goolesby’s rejection of the re-mittitur, on April 27, 2001, the trial court, on its own motion, granted Wilks a judgment as a matter of law and found, as a matter of law, that Goolesby was not entitled to any damages on his counterclaim.
We conclude that the trial court did not have authority to enter the April 2001 order. This court explained the trial court’s authority to order a remittitur following a jury trial in Tinsley v. Talbott, 408 So.2d 148, 149 (Ala.Civ.App.1981). In Tinsley we stated:
“Rule 59(d), [Ala. R. Civ. PJ, authorizes a trial court on its own initiative to order a new trial, within thirty days of the entry of the judgment, for any reason for which it might have granted a new trial on motion of a party, with the court being required to specify in its order its reasons for such action. In construing rule 59(d) and 59(f) together, a trial court, on that court’s own initia *716 tive, may order a remittitur as a condition to the court’s not granting a new trial. However, in such event, the plaintiff must be given the choice either of accepting the remittitur or of suffering a new trial. In no event can the trial court enter a judgment for an amount less than that awarded by the jury unless the plaintiff consents to a remittitur under Rule 59(f). McCormick v. Alabama Power Company, 298 Ala. 481, 306 So.2d 233 (1975).”
(Emphasis added.)
Applying the Tinsley holding to this case, we conclude that the trial court, in its April 2001 order, did not have the authority to grant Wilks a judgment as a matter of law and to amend the jury verdict for Goolesby on his counterclaim so as to change the award from $2,000 to $0. The February 2001 order provided that Gooles-by either accept the remittitur to $600 or the trial court would order a new trial. As stated in Tinsley, the trial court could not further reduce the jury verdict for Gooles-by to $0; all the trial court could do was to offer Goolesby a choice between the reduced verdict of $600 or a new trial. Therefore, the April 2001 order is void, but not for the ground stated by the trial court. As stated above the trial court concluded that the April 2001 order violated Rule 59.1; however, we conclude that the April 2001 order violates Rule 59(d) and (f) as interpreted in Tinsley.
We next determine whether the trial court had the authority, in its December 2001 order, to vacate the February 2001 order. Rule 59(d) states:
“Not later than thirty (30) days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party, and in the order shall specify the grounds therefor.”
Goolesby argues that the December 2001 order was entered more than 30 days after the February 2001 order, and, therefore, that the December 2001 order is void and cannot operate to set aside the February 2001 order. Wilks contends that the trial court had the authority, in its December 2001 order, to set aside the February 2001 order, even though neither party requested that the February 2001 order be set aside.
Wilks cites Henderson v. Koveleski, 717 So.2d 803 (Ala.Civ.App.1998), to support his contention. In Henderson, this court stated:
“Although a trial court generally loses jurisdiction to amend its judgment 30 days after the entry of judgment (see Ex parte Owen, 420 So.2d 80, 81 (Ala.1982)), a trial court retains the power to correct sua sponte any error in its judgment that comes to its attention during the pendency of a party’s Rule 59(e) motion to alter, amend, or vacate the judgment, regardless of whether the error was alleged or not alleged in the motion.”
717 So.2d at 806.
As stated above, Goolesby filed three motions attacking the April 2001 order; two of the motions were filed pursuant to Rule 59(a) (motion for a new trial) and Rule 59(e) (motion to alter, amend, or vacate the judgment), and the third was filed pursuant to Rule 60(b) (relief from judgment). Wilks contends that the December 2001 order resolved the pending Rule 59(a) and Rule 59(e) motions; therefore, Wilks contends, the trial court could correct any errors in its prior orders, whether those errors were raised by the parties or not.
We disagree with Wilks’s reasoning. First, Henderson states that a trial court may correct errors not raised by the parties during the pendency of a Rule 59(e) motion as to the order being challenged. *717 The motions styled by Goolesby as Rule 59(a) and (e) motions challenged the April 2001 order; they did not challenge the February 2001 order. No postjudgment motions were filed challenging the February 2001 order. Second, we conclude that to the extent Goolesby sought relief under Rule 59, Ala. R. Civ. P., from the April 2001 judgment as a matter of law in two of his May 2001 motions, those two motions were denied by operation of law, pursuant to Rule 59.1, Ala. R. Civ. P., no later than August 13, 2001, the 90th day after the motions were filed. However, Goolesby’s motion seeking relief from the judgment under Rule 60(b), Ala. R. Civ. P., ripened only after the Rule 59 motions were denied as a matter of law, at which time the underlying order of April 2001 became “final” within the contemplation of Rule 60(b). See Ex parte Gamble, 709 So.2d 67, 70 (Ala.Civ.App.1998). Because Goolesby contended, in his Rule 60(b) motion, that the trial court lacked the authority to enter its April 2001 judgment as a matter of law, we interpret that motion as having properly sought relief pursuant to Rule 60(b)(4), which addresses void judgments.
Goolesby’s motion challenged the validity of only the April 2001 order; it did not challenge the validity of the February 2001 order. As stated above, we conclude that the April 2001 order is void. The trial court did not have the authority to vacate the February 2001 order because that order was not challenged in Goolesby’s Rule 60(b)(4) motion.
Therefore, the trial court’s December 2001 order is reversed, and the cause is remanded for the trial court to reinstate the February 2001 order. Following the holding of Tinsley v. Talbott, 408 So.2d 148 (Ala.Civ.App.1981), the trial court is instructed to hold a new trial because Goolesby rejected the remittitur ordered in the February 2001 order.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES, P.J., and CRAWLEY and THOMPSON, JJ., concur.